Lake, Ch. J.
This is a petition in error from Otoe county, brought to obtain a reversal of the judgment of the district court rendered against the plaintiffs in error, who were stockholders in the Midland Pacific Railway'Company, a corporation organized and doing business under the general incorporation law of this state. The defendants in error were contractors with said company for doing the grading of a certain portion of its road-bed between Nebraska City and Lincoln, and had recovered a judgment on their contract for the sum of $8,000, as a balance due them for work done thereunder. Being unable to collect any portion of this judgment from the company by execution, they brought their action against the plaintiffs in error as stockholder's therein, to recover the amount of the judgment, ón the ground of an alleged personal liability on their part for the debts of the corporation. This individual liability was claimed on -the ground, first, that these stockholders had conspired together to cheat and defraud the plaintiffs out of the amount due to them under tlieir contract, and to this end had appropriated to themselves a large amount' of the capital stock of the company, for which nothing whatever was paid; second, and for the reason that in pursuance of the same evil design, they actually diverted a large proportion of the assets of the company from the purposes to which they could have been legitimately' applied, to their own individual uses, by a fraudulent division of the same among themselves, without any valuable consideration whatever; and third, for the further reason, that there was a total failure to comply with several of the essential requirements of the statute *559 in the organization of the company, and in the management of its affairs, whereby the stockholders were made liable for the corporate debts.
By the several answers filed by the defendants, all the material averments of the petition, except as to the want of a full compliance with all of the provisions of the last subdivision of Ch. XXY. of the Revised Statutes, entitled “ Incorporations,” were fully denied. The case was submitted to the court without the aid of a jury upon the pleadings and proofs, and a joint judgment rendered against the plaintiffs in error for the full amount of the demands of the defendants in error.
Several errors are assigned in the record, but I shall notice only those that' were urged upon our attention in the argument as sufficient ground for a reversal of the judgment. It was urged by counsel for the defendants in error, as a preliminary question, that this case is not properly here. The ground taken was, that it being an equitable action it should have been brought here by appeal, as provided in the act of March 3, 1873, and not by petition in error. But I cannot adopt this view. In my opinion, the case as made by the petition and supported by the evidence, is a purely legal, and not an equitable one. The liability alleged against the defendants, if made out, was original, direct, and one which called for the exercise of none' of the equity powers of the court in its enforcement. And besides, this judgment was rendered on the eighteenth day of December, 1872, nearly three months befoi’e the passage ■ of the act providing for appeals in actions in equity, so that even if the case were an equitable one, this act would not apply to it. This act has no retrospective operation, and applies only to cases pending and undetermined at the date of its passage, and to those afterwards brought. We hold, too, that this remedy by appeal is not exclusive, but that in equitable actions a party may bring the case here for re *560 view either by appeal or by petition in error, as he may elect, by taking the requisite steps therefor. There is nothing in this act from which the inference can possibly be drawn that the legislature intended any abridgment of existing remedies, and its effect, therefore, is to furnish an additional and concurrent one.
In the construction of statutes it is a universal rule that they must be limited to a prospective operation, unless it is evident from the language employed that they ■were designed to be retroactive. Quakenbush v. Danks, 1 Denio, 128. State v. Auditor, 41 Mo., 25.
The record shows that a stay of execution was taken by some of the defendants in the court below, and on this ground it was claimed that the plaintiffs in error had waived the errors, if any existed, and were estopped from proceeding in this court to obtain a reversal of the judgment. Until the passage of the act “ to provide for a stay of execution and orders of sale,” approved February 23, 1875, there was no statutory provision in this state depriving a suitor of the right to prosecute proceedings in error after taking a stay of execution. That law of course cannot affect this case, and we are of opinion that the taking of the stay did not operate to the prejudice of the defendants in bringing the case here for review. Having thus disposed of these preliminary objections, I will now turn to the vital question in the case, the one principally discussed at the,bar, viz.: Can this judgment be sustained under the law applicable thereto?
I. It was not seriously questioned on the argument that if under the law an ordinary civil action could be maintained against these stockholders for the. debts of the company, the testimony was amply sufficient to support the finding of the court upon the issues. At all events this com’t is not disposed to interfere with the decisions of questions of fact by inferior tribunals, and will *561 never do so unless found to be clearly against tlie weight of the evidence, and manifestly prejudicial to the party seeking a reversal of the judgment. It is true, doubtless, that in the absence of any provision of statute to the contrary, a stockholder is not liable in an action at law at the suit of a creditor of the company. In the case of a corporate body the law recognizes only the creature of the charter, and knows not the individuals composing it. Angelí c&Ames on Corporations, See. 595. Butin this state this rule has been considerably modified by statute, and to the extent, at least, of the amount due and unpaid on the capital stock held by him, a stockholder in a railroad company is personally liable to a creditor of the corporation. Sec. 112, Ch. XXY., Rev. Stat., 1866.
It was contended, however, that even admitting this statutory legal liability, it was a several, and not a joint liability, being limited to the amount which might happen to be due fiom each one of the stockholders to the company, when the action was instituted. It is true that the section of the statute above cited so limits the liability of a stockholder; but in case of a joint action, where the amount due to the company from each stockholder sued, equals, or exceeds, the creditors’ demand, we know of no sound reason why a joint judgment may not be rendered, especially where no objection on the ground of misjoinder is made in the court below. In such case, certainly no injustice would be done to the stockholder, for whatever amount he might be compelled to pay in satisfaction of such judgment would be "a credit in his favor to be allowed in his subsequent settlement with the company. Doubtless if the amount due from any one of the defendants to the company were less than the judgment rendered, it would, as to such stockholder, l^e erroneous. It has frequently, been held under statute^ which declare that the stockholders shall be individually liable for the debts of the corporation, *562 without any restriction as to the extent of such liability, that they could be treated as partners to all intents and. purposes. Mokelumne Hill Canal Co. v. Woodbury, 14 Cal., 265. Davidson v. Rankin, 34 Cal., 503. And I am of the opinion that the same wholesome rule should be applied in the enforcement of the remedy given by Sec. 112 of our statute, where the claim of the creditor does not exceed the amount due from any one of the defendants on his capital stock. These considerations, without adding anything more, would, doubtless, justify an affirmance of the judgment of the district court. And I may add, it is upon this ground alone that my brother Maxwell unites in the conclusion to which we have arrived.
II. But, I desire-to go a step farther, as the point is distinctly made in the case, and give an additional, and to my mind, equally satisfactory reason why this judgment should not be disturbed.
The testimony shows very conclusively — in fact it was not denied by the answers, that several of the essential requirements of the last subdivision of the general incorporation act were totally disregarded by this company. Indeed, none of the provisions of this subdivision were observed, save those that are found also in the subdivision next preceding, entitled “Railroad Companies.” The following are some of the more important of those provisions thus disregarded, or openly violated, viz: first, sections 130 and 131, which provide for the publication of a certain notice in some newspaper near the companies “ principal place of business, for four weeks;” second, section 136, which requires notice to be given annually, “ of the amount of all the existing debts of the corporationand third, section 141, which prohibits a fraudulent division of the corporate property among the members under severe penalties. It is also provided *563 by section 1.39: “If any corporation fail to comply substantially with the provisions of this subdivision in relation to giving notice, and other requisites of organization, the property of all the stockholders shall be liable for the corporate debts.” And the last clause of section 136, which declares that “ if any corporation ” shall fail to give notice, annually, “ of the amount of all the existing debts of the corporation,” the stockholders “ shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given.” Now it is not denied, that, independently of any other consideration, if these several sections apply to railroad companies, the defendants are clearly liable, and the judgment should be affirmed.
But it is contended on behalf of the plaintiffs in error; first, that this last snb-division has no application to railroad companies, and that, as to them, all that is required, is a compliance with the next preceding sub-division of the act; and second, even admitting that this sub-division was intended to apply to railroad as well as other incorporated companies, then it was insisted that inasmuch as section 112 fixes a limited liability, and declares that there shall be none other to a creditor of the company, it shall be given precedence over the more general language of these ^subsequent sections. In my opmiion both of these positions are untenable. It must be borne-in mind that these several provisions, as they now stand upon the statute book, were enacted as one law, and at the same time. One is in fact no older than the other; they were created by the same legislative fiat, and must be considered in pari materia, and interpreted together according to the well established rules of statutory construction applicable to such cases. That this last subdivision was intended to refer to railroad, as well as all other companies incorporated under this general incorpo *564 ration act, of which there are several particular subdivisions, cannot, it seems to me, be seriously questioned. In the very first section (123) “railways,” and “other works of internal improvement,” are particularly mentioned. And section 126, in direct terms refers to “ every corporation,” which would include a railroad corporation just as certainly, and effectually, as if it were mentioned by name. So too, by section 127, it is provided that “ corporations for the construction of works of internal improvement” must file a copy of their articles of association in the office of the secretary of state. Now it cannot be said that this railway company was not organized for the purpose of constructing a work of internal improvement. Indeed, this was the sole object in view, as expressly declared in its articles of association. But it is unnecessary to make further particular reference, for, in almost every subsequent section, there is language used which, if given its ordinary meaning, necessarily includes all private companies incorporated under our general law. It must be conceded that this chapter on incorporations, as a specimen of clear, concise, and harmonious legislation, is not entitled to a very high rank. It is far from what it should be in this respect. In appending this last sub-division there was caused much repetition and conflict, which had better been avoided. But it is the duty of the courts to expound and enforce the laws, not to make them. This sub-division is here before us, demanding at our hands the same consideration that any other portion of the chapter is entitled to receive. It is our. duty to harmonize and give effect to every sentence and word employed, if possible, but if this cannot be done, then, as I understand the rule applicable to antagonistic provisions, the last must be given the preference. In Brown v. Commissioners, 21 Penn. St., 37, the court say: “When the statutes are so flatly repug *565 nant that both cannot be executed, and we are obliged to choose between them, the latter is always deemed a repeal of the earlier. This rule applies with equal force to absolute cmd irreconcilable condict between different sections or parts of the same statute. The last words stand, and the others which cannot stand with them go to the ground.”
With regard to the personal liability of stockholders, however, under our law, I perceive no serious conflict. Section 112, as before observed, gives to the creditors of an incorporated company, a right of action against the l’espective stockholders in a railroad company, to the extent of the amount due on their capital stock, and this right of action is absolute, not depending, as is the case in respect to the liability provided for in the subsequent sections, upon the omission of some duty, enjoined upon the company in its organization, or in the conduct of'its business. The first, is the only individual liability to which a stockholder in a railroad company can possibly be subjected if the law be faithfully observed, while that given by sections 136 and-139. maybe regarded as being in the nature of a penalty denounced against all the members of a corporation whenever it fails to observe those reasonable rules which the legislature seems to have considered necessary for the protection' of ' the public against the evils of corrupt and irresponsible organizations that might otherwise exist.
•Therefore, being clearly of the opinion that the last sub-division of the general incorporation act applies to railroad companies, and .that there was such a failure by the Midland Pacific Railway Company to comply 'with its provisions, as to render the stockholders individually liable for the corporate debts, on this ground, as well as on that first above stated, I think the judgment of the district court should be affirmed.
*566 Mr. Justice Maxwell, concurs in the judgment of affirmance on the first ground.
Mr. Justice Gantt, having been of counsel in the court below, did not sit.
Judgment affirmed.