SMITH AND CRITTENDEN, PLAINTIFFS IN ERROR, V. GEORGE W. STEELE, DEFENDANT IN ERROR.

1. **Corporation:** LIABILITIES OF STOCKHOLDERS: Where the president and a majority of the board of directors of a corporation fail to make and publish the notice required by the statute, of all the existing debts of the corporation, the stockholders will be jointly and severally liable for all debts contracted by such corporation, while the officers are thus in default.

2. ———: RIGHTS OF STOCKHOLDERS. One or more of the stockholders of a corporation may compel its officers, by mandamus, to make and publish the statement required by the statute.

ERROR from the district court of Butler county.

*Whitmoyer, Gerrard & Post,* for plaintiff in error, cited *White v. Blum,* 4 Neb., 555. *Wright v. Field,* 7 Ind., 376. *Marion Township Draining Company v. Norris,* 37 Ind., 424. *Shaffer v. Moriarty,* 46 Ind., 9. *Bogardus v. Rosendale Manufacturing Company,* 7 N. Y., 147. Granting that it was necessary to first ascertain the exact amount justly due. The petition alleges that the sum of $1,565.50 and interest is justly due, which allegation is admitted by the demurrer. Moreover, the record shows that at the time the demurrer was sustained, the amount due had been determined by the judgment of the district court. Admit, too, that it was necessary to exhaust the property of the Alexis Mercantile Association before execution could be levied on the

property of the stockholders. The court could have controlled its own process, and had ample power to protect the defendant in error, by directing that no execution should be levied upon his property until the corporate property, if any, had been first exhausted. *Marion Township Draining Company v. Norris*, and *Shaffer v. Moriarty*, cited above, are exactly in point here. There is still another controlling consideration in this case. Under the statute, and the case made by the petition, the stockholders of the Alexis Mercantile Association, as against creditors of the association, are liable as ordinary copartners. The law regards the stockholders in such a case as members of an ordinary copartnership, and will not recognize their claim to the rights of stockholders in ordinary corporations. The authorities are abundant and conclusive on this point. Angel and Ames, on Corporations, sections 611 and 624, also note to 611. *Middleton Bank v. Magil*, 15 Conn., 28. *Clark v. Terry*, 30 Maine, 148. *Allen v. Sewall*, 2 Wend., 327. *Moss v. Oakley*, 2 Hill, 269. *Corring v. McCullough*, 2 Denio, 77. *Morgan v. New York Railway Company*, 10 Paige, 290. *Fiske v. Keesdille Manufacturing Company*, 10 Paige, 592.

*E. R. Dean*, for the defendant in error.

Section 136 of chapter on "Corporations," Gen. Stat. 200, is repealed by operation of section 4, Art. XI., of the constitution, entitled, "Miscellaneous corporations." A right of action founded on a statute is terminated by the repeal of the statute. *Bennet v. Hargus*, 1 Neb., 419. See also *Johnson v. Halm*, 4 Neb., 146. 11 Humphrey (Tenn.), 1. The statute making stockholders liable for the corporate debts, on failing to perform a statutory duty, is to be regarded as a penalty. *Craw v. Easterly*, 4 Lansing (N. Y.), 513.

The repeal of a statute imposing a penalty, before the rendering of a judgment for the recovery thereof, takes away the plaintiff's right of action. *Eaton v. Graham*, 11 Ill., 619. A statute making stockholders liable for corporation debts must be strictly construed. *Middletown Bank v. Russ*, 3 Conn.. 135. *Gray v. Coffin*, 9 Cush. (Mass.), 192.

MAXWELL, CH. J.

The plaintiff commenced an action, in the district court of Butler county, against the "Alexis Mercantile Association," and its stockholders, to recover the sum of $1,565.50, upon an account for goods sold and delivered. The petition alleges that the Alexis Mercantile Association has failed to publish the notice required by the statute, showing its existing debts, etc. The defendant, being one of the stockholders, demurred to the petition, on the ground that the facts stated therein did not constitute a cause of action against him. The demurrer was sustained. The plaintiffs bring the cause into this court by petition in error.

The only question for the determination of the court is, the proper construction of section 136 of chapter 11 of the General Statutes, p. 200, entitled "Corporations," which provides that "every corporation hereafter created shall give notice annually, in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspaper printed therein, then in the nearest paper in the state, of the amount of all the existing debts of the corporation, which notice shall be signed by the president and a majority of the directors; and if any corporation shall fail to do so, all the stockholders of the corporation shall be jointly and severally liable for all debts of the corporation then existing, and for all that

shall be contracted before such notice is given;" and section 4, Art. XI of the constitution, entitled "Miscellaneous Corporations," which provides that: "In all cases of claims against corporations and joint stock associations the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted, the original subscribers thereof. shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

This section limits the liability of members of a corporation so long as there is a substantial compliance with the law governing its organization. But a corporation is a mere creature of the statute, and being such, it possesses only those properties and powers which the charter of its creation confers upon it. And where the charter—which is the general law in most cases in this state—contains provisions or conditions for the protection of the public against the evils of corrupt and irresponsible organizations, which are not inconsistent with the organic law of the state, they enter into and become a part of the charter, and must be complied with.

That the legislature has authority to impose such conditions upon the members of a corporation in case of the failure of their officers to comply with the provisions of the statute, there is no question. But such liability can only attach to debts contracted during the time the officers are in default in publishing the notice required. And this seems to have been the rule adopted in New York under a somewhat similar statute. Section 12 of chapter 40 of the session laws of 1848 of that state provide that: "If any of said (manufacturing) companies shall fail to make and publish such statement, all the trustees of the company shall be jointly and severally liable for all the debts of the com-

pany *then existing*, and for all that shall be contracted before such report shall be made."

In *Boughton v. Otis*, 29 Barb., 196, it was held that this penalty was imposed on those only who were guilty of the neglect of duty.

In *Garrison v. Howe*, 17 N. Y., 458, it was held that to make the trustees liable the debt must have been contracted during a default, and that the trustees were not personally liable for a debt contracted before the time fixed by law for the publication of the first report.

These cases, in our view, state the law correctly. In case of the failure of the officers of a corporation to make out and publish the report required by the statute, in the time and manner required, one or more of the stockholders may compel the performance of such duty by mandamus. If they fail to compel such compliance with the law they must submit to the penalty. The petition alleges that the goods were purchased after the officers of the corporation had failed to publish the notice required. The demurrer, therefore, should have been overruled. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.