MARY J. DOOLITTLE, PLAINTIFF IN ERROR, V. WILLIAM W. MARSH, DEFENDANT IN ERROR.

**Corporations.** The *debts* referred to in sections 136 and 139 of the chapter of the General Statutes, entitled Corporations, are debts arising upon contracts, express or implied, and not damages for torts.

ERROR to the district court for Douglas county.  The plaintiff in error obtained a judgment against the Omaha Horse Railway Company, for damages for personal injuries sustained by her while a passenger upon one of the cars of the company, caused, as alleged, by the negligence of the driver of the car.  Failing to collect the judgment of the company, after the return of execution against the company, she brought her action against the defendant in error, a stockholder of the horse railway company, to enforce a supposed personal liability on his part, created by section 136 of the chapter of the General Statutes on Corporations. A general demurrer was interposed to the petition, which was sustained by the district court, SAVAGE, J., presiding, and judgment rendered for the defendant, to reverse which this petition in error is brought.

*Redick & Connell*, for plaintiff in error, cited *Smith v. Steele*, 8 Neb., 115.

. *George E. Pritchett*, for defendant in error. Debts do not include damages for torts. 3 Black. Com., 154. *Heacock v. Sherman*, 14 Wend., 58. *Bohn v. Brown*, 33 Mich., 257. *Cable v. McCune*, 26 Mo., 371.

COBB, J.

. I cannot agree with counsel for the defendant in error in the first point made in his able argument, in which he contends that section 136 of the chapter of the General Statutes entitled "Corporations," does not apply to any corporation not created under general laws. I agree that its provisions are limited to corporations thereafter created, but that is the only limitation, and the only doubt is whether section 139 does not extend the same provision to all corporations without reference to the date, as the two sections combined certainly do, without regard to the method of their organization.

But upon his second, or as counsel has it numbered in his brief, the fourth, point, I am quite inclined to agree with him. The *debts* spoken of in the two sections undoubtedly are only those obligations arising on express and implied contracts growing out of dealings between the corporation and other corporations or individuals where the financial condition of such corporation would or might be the foundation of credit. The law has made it one of the conditions upon which the promoters and managers of corporations may do business. without risk to their private fortunes, that such corporation shall publish annually a true statement " of the amount of all the existing debts of the corporation." The only useful end which such statement can serve, is to furnish persons about to give

such corporation credit a basis of information for their guidance. The tangible personal property of the corporation shows for itself, its real estate can be learned from the records, but in order to be enabled to properly rate its credit, one must know the amount of its debts. Persons about to deal with others, be they corporations or natural persons, usually resort to all convenient sources for information as to their credit. But it is quite unheard of for a person about to become a passenger on a street railroad or other railroad, stage coach, or steamboat, or guest at an hotel, to stop to enquire whether the owners were able to respond in damages in case of the death, maiming, or robbery of such passenger or guest, by reason of the negligence of the servants of such owners. Hence I conclude that the notice required by statute was not intended for the benefit of claimants for unliquidated damages, and that they can take no advantage of its non-publication.

It necessarily follows from the above that there was no error on the part of the district court in sustaining the demurrer, and that its judgment in this case must be affirmed.

JUDGMENT AFFIRMED.