HOWELL BROS. V. ANNA M. ROBERTS ET AL.

[FILED MAY 6, 1890.]

Limitations: QUASI-PENAL ACTIONS: STOCKHOLDER'S LIABILITY. Section 136 of chapter 16, Compiled Statutes, which makes stockholders in a corporation liable for debts contracted by the corporation while its officers are in default in publishing an annual notice stating "the amount of all the existing debts of the corporation," is *quasi*-penal, but is not a penalty, the evident purpose being to secure the rights of creditors, and an action to recover such debts is not barred by the statute of limitations in one year.

ERROR to the district court for Harlan county. Tried below before GASLIN, J.

*Morning & Keester,* for plaintiff in error:

The liability is intended as a means of redress for creditors, not as a penalty. (*Goodridge v. Rogers,* 22 Pick. [Mass.], 497; *Sackett v. Sackett,* 8 Id., 320; *Adams v. Palmer,* 6 Gray [Mass.], 338; *Corning v. McCullough,* 1 N. Y., 47; Morawetz, Private Corp. [2d Ed.], secs. 873, 877.) It is in the nature of a specialty and does not fall within the statute of limitations. (Angell, Lim. [6th Ed.], sec. 80; *Bullard v. Bell,* 1 Mason [U. S. C. C.], 243.)

*C. C. Flansburg, contra,* cited on the contention that the statute was penal: *First Nat. Bank v. Price,* 33 Md.,

487; *Derrickson v. Smith,* 27 N. J. L., 166; *Kritzer v. Woodson,* 19 Mo., 327; *Cable v. McCune,* 26 Id., 380; *Lawler v. Burt,* 7 O. St., 340; *Diversy v. Smith,* 103 Ill., 400, and cases cited; *Merchants Bank v. Bliss,* 35 N. Y., 412; *Wiles v. Suydam,* 64 Id., 173; *Knox v. Baldwin,* 80 Id., 613; *Irvine v. McKeon,* 23 Cal., 472; *Halsey v. McLean,* 12 Allen [Mass.], 438; *Stebbins v. Edmands,* 12 Gray [Mass.], 203–5.

MAXWELL, J.

This action is brought upon four drafts, each for $1,200, which were drawn upon and accepted by the Nebraska Lumber Company, of Red Cloud.    The drafts are dated December 5, 1885, and were payable, respectively, February 10, 1886, February 25, 1886, March 15, 1886, and March 25, 1886.    The drafts not being paid, an action was brought on the 28th day of December, 1887, against the defendants, who were the stockholders in the corporation.    A demurrer to the petition was sustained in the court below and the action dismissed.    The plaintiff in the petition, after stating the incorporation of the lumber company and that the defendants were the stockholders thereof, the acceptance of the drafts etc., alleges:

"That said Nebraska Lumber Company, its officers, agents, directors, stockholders, managers, or servants, did not at any time post in a conspicuous place at the places of doing business of said corporation, subject to public inspection, a copy of the by-laws of said corporation and the names of all officers appended thereto.    And said Nebraska Lumber Company neglected to give notice annually in some newspaper printed in the county or counties in which its business was transacted (there being newspapers printed in the said counties), of the amount of all existing debts of the corporation, signed by the president and a majority of the directors, as required by the statutes of the state of Ne-

braska; that all of said defendants were stockholders in said Nebraska Lumber Company, and were such stockholders at the time of such default in failure to give the notice first above mentioned, and were such stockholders at the time of the failure to post a notice stating the names of officers and the place of doing business, and were stockholders at the time of the failure to give a notice of indebtedness required by law as above stated, and were such stockholders at the time the debt owing to this plaintiff was contracted; that by reason of such neglect and default the said defendants, stockholders as aforesaid, would become liable for the debt now owing from the Nebraska Lumber Company to this plaintiff; that said corporation was at the time the indebtedness herein stated was contracted and now is insolvent."

There are four counts in the petition, one upon each draft. It is sought to make the stockholders personally liable because they failed to publish the annual statement required by law. Sec. 136 of chap. 16, Compiled Statutes, provides that " Every corporation hereafter created shall give notice annually in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspaper printed therein, then in the nearest paper in the state, of the amount of all the existing debts of the corporation, which notice shall be signed by the president and the majority of the directors ; and if any corporation shall fail to do so, * * * all the stockholders of the corporation shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given."

It is claimed by the attorneys for the defendants that the provision in question is a penalty, and hence that, under section 13 of the Code, this action is barred in one year from the time the cause of action accrues and this is the principal question in the case.

In *White v. Blum*, 4 Neb., 563, LAKE, Ch. J., in speak-

ing of the personal liability of stockholders in a railway corporation, says: "The first is the only individual liability to which a stockholder in a railroad company can possibly be subjected if the law be faithfully observed, while that given by sections 136 and 139 may be regarded as being in the nature of a penalty denounced against all the members of a corporation whenever it fails to observe those reasonable rules which the legislature seems to have considered necessary for the protection of the public against the evils of corrupt and irresponsible organizations that might otherwise exist."

In *Smith v. Steele*, 8 Neb., 115, the precise question here involved was before the court, and it was held that the stockholders were personally liable for all debts contracted by a corporation while the officers were in default in publishing the notice required, citing *Garrison v. Howe*, 17 N. Y., 458.

The question was again before the supreme court in *Doolittle v. Marsh*, 11 Neb., 243, in an action to subject the property of the stockholders of the Omaha Street Railway Company to the payment of a judgment recovered by Mrs. Doolittle against said railway for injuries sustained by her while attempting to alight from one of its cars. It was held that the *debts* referred to in sections 136 and 139 of chapter 16 were those arising upon contract and not damages for torts. Judge Cobb, in the opinion, says: "The debts spoken of in the two sections undoubtedly are only those obligations arising on express and implied contracts growing out of dealings between the corporation and other corporations or individuals where the financial condition of such corporation would or might be the foundation of credit. The law has made it one of the conditions upon which the promotors and managers of corporations may do business without risk to their private fortunes, that such corporations shall publish annually a true statement 'of the amount of all the existing debts of the corpora-

tion.' The only useful end which such statement can serve, is to furnish persons about to give such corporation credit a basis of information for their guidance. The tangible personal property of the corporation shows for itself, its real estate can be learned from the records, but in order to be enabled to properly rate its credit one must know the amount of its debts." This in our view is a correct statement of the law. Section 136 of chapter 16, while in the nature of a penalty and in some of the cases is spoken of as such, yet it is not a penalty in fact. It is designed for the safety of creditors of irresponsible corporations. It is a provision that in case the officers of a corporation fail to publish an annual statement setting forth the facts required by statute, showing the financial condition of such corporation, and while thus in default debts are contracted by the corporation, the stockholders are liable for such debts.

The statute is *quasi*-penal, but not a penalty, and a cause of action is not barred in one year from the time the cause of action accrues, the limitation being the same as in other contracts.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.