ALBERT C. SAMMIS, APPELLANT, VS. JAMES BENNETT, APPELLEE.

1. The provision of the act of May 11th, 1893, Chapter 4130, that all appeals in chancery, whether from final decrees or interlocutory orders, must be taken within six months after the entry of the decree or order appealed from, has no re troactive effect, but applies only to decrees and orders entered after the act became operative. The act took effect August 1st, 1893, or sixty days after the final adjournment of the Legislature.

2. The purpose of Sec. 18 of Article III of the Constitution, that a statute shall not take effect until sixty days from the final adjournment of the Legislature at which it may be enacted, unless otherwise specially provided in the act, was to enable the people to become acquainted with the provisions of legislation, and not to require them to govern their actions by the same before it has become operative.

Appeal from the Circuit Court for Duval county.

Motion for Supersedeas.

The facts of the case are stated in the opinion of the court.

*M. C. Jordan* for Motion.

*Walker and L'Engle, Contra.*

RANEY, C. J.:

On the 26th day of May, 1892, a decree was rendered in the Circuit Court of Duval county affirming, on appeal, a decree which had been previously made by the County Judge revoking the probate of an alleged last will and testament of Mary Williams, *alias* Mary Bennett, and from the stated decree of the Circuit Court the above named Sammis entered an appeal in October of the present year to the January Term, 1894, of this court, and now he moves for a supersedeas to the decree appealed from. Section 1280 Rev. Stat. provides that appeals from the Circuit Court to the Supreme Court, in matters arising before the County Judge and pertaining to his probate jurisdiction, shall be governed in all respects by the law and rules regulating appeals in chancery. Prior to the enactment of Chapter 4130, laws of 1893, approved May 11th, 1893, the period of time allowed for taking such appeals to this court was two years, (Section 1456 Rev. Stat.), but the mentioned statute of the present year, "An Act to limit the time within which appeals in chancery may be taken," provides that "all appeals in chancery, whether from final decrees or interlocutory orders, must be taken within six months after the entry of the final decree, or of the entry of the interlocutory order

or decree appealed from." This act became of force, under Section 18 of Article III of the Constitution, on August 1st, or sixty days after the final adjournment of the Legislature, its session of 1893 having closed on the second day of June. It was the purpose of Section 1280 Rev. Stat. that the time for taking appeals like the one before us should conform to that prescribed for appeals from chancery decrees of the Circuit Court.

The purpose of Section 18 of Article III of the Constitution that a statute shall not take effect until sixty days from the final adjournment of the Legislature at which it may have been enacted, unless it is otherwise specially provided in the act, is, according to what we deem the better view, to enable the people to become acquainted with its provisions, but not to require them to govern their actions by the law before it becomes operative. It was contemplated that by the lapse of the sixty days the statutes of the session of the Legislature would be published and be accessible to the public, but they are not operative laws until the stated period has expired, and no one can be charged with notice of them reasonably until it does expire, or, what is the same, until they go into effect. Price vs. Hopkins, 13 Mich., 318. This statute, if applicable to the case at bar, took the appellant's right of appeal away from him upon its taking effect, or immediately upon his being charged with notice of its enactment, or, in substance, without notice. In the case of ordinary statutes of limitation this could not be done even before the matter was regulated as it is now by our organic law; on the contrary, there had to be reasonable time allowed for bringing action. Spencer vs. McBride, 14 Fla., 403; Cooley's Con. Lim., 451. It is now provided by our Constitution that "no statute shall be

passed lessening the time within which a civil action may be commenced on any cause of action existing at the time of its passage." Section 39, Article III; but this view we take of the legislation of the present year relieves us from deciding whether or not statutes limiting appeals are within this organic provision. That statute has, in our judgment, no relation to decrees entered prior to its taking effect, but only to those entered subsequently thereto. Statutes will not be given a retrospective effect unless their terms show clearly that such an effect was intended. The appeals referred to are those from decrees that might be entered subsequently to the act's taking effect, and the language does not justify the conclusion that any other than subsequent decrees are meant. Its language is not such as to justify the conclusion that the Legislature intended to take away, without notice, from parties situated like the appellant, the right to have adverse decrees reviewed by a court which has been expressly provided by the Constitution with jurisdiction for such purpose. It does not show that such hardship and injustice were intended, and it is not reasonable to impute to the law-making power such a purpose, in the absence of words clearly evincing that intent. McCarthy vs. Havis, 23 Fla., 508, 2 South. Rep., 819; Capelle vs. Baker, 3 Houston (Del.), 344; Endlich on Statutes, secs. 271, 272, 289; State vs. Auditor, 41 Mo., 25; White vs. Blum, 4 Neb., 555; State vs. Stein, 13 Neb., 529; Dewart vs. Purdy, 29 Penn. St., 113; Taylor vs. Mitchell, 57 Penn. St., 209; Gaston vs. Merriam, 33 Minn., 271.

The motion will be granted and the proper order made.