DAVID BENNISON ET AL., APPELLANTS, V. JOSEPH H. MC-CONNELL ET AL., APPELLANTS, IMPLEADED WITH MARCUS L. PARROTTE ET AL., APPELLEES.

FILED SEPTEMBER 23, 1898.     No. 8230.

1. **Insolvent Corporations:** CONTRIBUTION BETWEEN STOCKHOLDERS. Where a stock subscriber discharges a debt of an insolvent corporation for which all the stock subscribers thereof are liable, he may maintain an action for contribution against his co-stock subscribers.

2. ———: ———: ESTOPPEL. *Held,* That he was not estopped under the facts of this case from maintaining such suit because he participated in a distribution made of the assets of the corporation by the stockholders thereof, the debt discharged by him not being provided for in such distribution.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Reversed in part.*

*Kennedy & Learned, G. W. Cooper, L. D. Holmes, Clinton N. Powell,* and *J. B. Meikle,* for appellants.

*Joel W. West, contra.*

RAGAN, C.

In 1888 there was organized under the laws of this state, and domiciled in the city of Omaha, a corporation known as the Guaranty Loan & Investment Company. This corporation was organized for the purpose of negotiating real estate loans and guarantying the payment of the same. The authorized capital stock of the company was subscribed; but it seems that each subscriber paid in cash for only a part of the stock subscribed for by him, giving his note to the corporation for the remainder of the subscription. The corporation made a loan of $6,500, which was secured by a mortgage upon real estate. It then sold this mortgage loan to one Bertha Zenner, guarantying the payment of the same. The loan was also guarantied by John L. Kennedy and David Bennison and other stockholders of the corporation. Early in 1889 the stockholders of the corporation held a meeting, and, because it was not doing a profitable business, resolved to wind up its affairs. At this meeting the stockholders set aside out of the company's funds $500 to be used in defraying future expenses, "liabilities, and needs." They also levied an assessment of three per cent on the stock for the purpose of covering losses of the company, and by resolution returned to each stock subscriber seventy-seven per cent of the cash paid by him on the stock for which he had subscribed, called in the outstanding stock and cancelled it, and surrendered to each stock subscriber his note. Some four years after this, Bertha Zenner foreclosed the mortgage which had been sold to her by this investment company, and caused the property mortgaged to be sold; but the proceeds of the sale were not sufficient to satisfy the mortgage debt,

and Zenner took a deficiency judgment against the investment company. John L. Kennedy and David Bennison, two of the stockholders in said investment company, and who had guarantied the payment of the mortgage sold by it to Zenner, then advanced the money to Zenner on the deficiency judgment, and took from her an assignment thereof to themselves. An execution was then issued on this deficiency judgment against the investment company, and returned wholly unsatisfied; and thereupon Bennison and Kennedy brought this suit in equity in the district court of Douglas county, making the investment company and all the stock subscribers and creditors thereof parties. The object of Bennison and Kennedy's action was to recover from their co-stock subscribers their proportionate share of the mortgage debt which they had paid to Zenner. The district court dismissed Bennison and Kennedy's petition and they have appealed. There were several questions litigated in the district court by the various parties to this record, and several questions have been presented and argued here by such parties. All these questions we have examined, and we are entirely satisfied with all the rulings made by the district court, except as to the judgment rendered against Kennedy, on the cross-petition of the International Loan & Trust Company, and the order dismissing Bennison and Kennedy's petition. These we will now examine.

It appears from the evidence that Kennedy held one $500 share of stock. It further appears that he paid on behalf of the company, one-half of the deficiency judgment, or more than four times his entire subscription to the stock company. He cannot be held liable to the International Loan & Trust Company until he has collected from his co-stock subscribers an amount sufficient to make his payments on stock and expenditures made on behalf of the company less than his stock subscription.

The district court placed its denial of the appellants' right to recover on the following grounds: "That the

plaintiffs in this action are estopped from recovering from the defendant stockholders of the Guaranty Loan & Investment Company by reason of their participation in the distribution of the assets of the company, whereby they received back the notes which they had given in payment for their stock, and whereby a large amount of money then on hand was distributed to stockholders who had made cash payments upon their stock, a number of said stockholders being now without the jurisdiction of this court and are not parties to this suit." But we cannot agree to this conclusion of the learned district judge. We are of opinion that the rule of estoppel should not be enforced against the appellants under the facts of this case. If at the time the stockholders met and resolved that the incorporation should go out of business, distributed its assets, called in its stock, and returned the stock subscribers' notes, this deficiency judgment against the corporation had been in existence, then it may be that Bennison and Kennedy, being stockholders of the investment company, could not afterward have purchased this judgment and enforced it against their co-stock subscribers. But when the distribution of the assets of the investment company took place, this deficiency judgment was not in existence; and it was not at that time within the contemplation of any of the stockholders that the corporation or themselves would be called upon to make good the company's guaranty. The appellants by participating in this distribution of the investment company's assets neither said nor did anything nor omitted to say or do anything which caused any other stock subscriber to change his status. These stock-subscribers have not been injured by the distribution made of the investment company's assets; and, if it can be said that they have, we are unable to see how the appellants are responsible for such injury. Again, it must be remembered that the distribution made of the assets of the corporation by the stockholders did not impair Zenner's right, after the corporate property was ex-

8

hausted, to call upon the stock subscribers to the extent of their unpaid stock subscriptions for the satisfaction of her judgment. All the stock subscribers, after the exhaustion of the corporate property became liable to the extent of their unpaid stock subscriptions to her for this deficiency judgment. The appellants were among these unpaid stock subscribers and therefore liable for this deficiency judgment; and, by paying the judgment and taking an assignment of it, they succeeded to the rights Zenner had; and, since she could enforce the judgment against the stock subscribers, any one of them liable might pay the judgment, take an assignment of it and enforce contribution against his co-subscribers. (*Van Pelt v. Gardner*, 54 Neb. 70.)

The judgment of the district court against Kennedy, in favor of the International Loan & Trust Company, is reversed; and the judgment of said court, dismissing the plaintiff's action, is reversed, and the cause remanded, not for retrial, but with instructions to the district court to enter a judgment in favor of the plaintiffs, as prayed for in their petition. All other orders and rulings made by the district court in the case are

AFFIRMED.