JOHN A. SINGHAUS, ADMINISTRATOR, APPELLEE AND CROSS-APPELLANT, v. JOHN F. PIPER ET AL., CROSS-APPELLEES: RILEY S. HART ET AL., APPELLANTS AND CROSS-APPELLEES.

FILED MAY 3, 1919. No. 20445.

1. **Corporations: NOTICE OF INDEBTEDNESS: RIGHT OF ACTION.** The liability of a stockholder in a corporation for failure of the corporation to publish notice of indebtedness required by section 577, Rev. St. 1913, is in the nature of a penalty for neglect of duty. One stockholder, who is equally in fault in that regard with all other stockholders, cannot maintain such action, as creditor of the corporation, against the other stockholders.

2. ———: ———. In such case, there is no default under the statute until one year after the organization of the corporation.

3. ———: ———: QUÆRE. Whether such notice is sufficient without the signatures of a majority of the directors, *quære.*

4. ———: EXCHANGE OF ASSETS FOR STOCK. A corporation may exchange property in purchase of its outstanding shares, but the transaction must be in entire good faith, and in no manner injure the rights of its creditors or its stockholders.

5. ———: ———: RIGHTS OF STOCKHOLDERS AND CREDITORS. The relation between stockholders under such circumstances may be regarded as confidential, and, if they are creditors of the corporation, their right to object to such a transfer is analogous to the right of creditors to object to transfers of property by their debtors.

6. ———: ———: FRAUD: EVIDENCE. If the transfer is made with the view of securing stockholders against loss on account of

existing indebtedness of the corporation, the transfer might be held invalid as against such creditors; but, if at the time of the transfer the remaining corporate property is of such value as to afford ample security for the debts of the corporation, and the business of the corporation continues for several years, the fact that in the meantime the business has become unprofitable and new debts incurred so that the corporation has become insolvent is not conclusive that the transfer complained of was made with the intention of defrauding existing or subsequent creditors.

7. ———: ———. In such case, a creditor and stockholder at the time, with knowledge of the transfer and of the business and assets of the corporation, cannot complain of the transfer because after three or four years the business of the corporation has become unprofitable, and new debts have been incurred exceeding the value of the assets.

APPEAL from the district court for Burt county: GEORGE A. DAY, JUDGE. *Affirmed in part, and reversed in part.*

*John J. Sullivan, Herbert Rhoades* and *James A. Clark, for* appellants.

*Montgomery, Hall & Young* and *J. A. Singhaus, contra.*

SEDGWICK, J.

The plaintiff, as administrator of the estate of Swan M. Nelson, deceased, obtained a judgment against the Nebraska Improvement Company, a corporation, and, execution thereon being returned unsatisfied, brought this action in the district court for Burt county to recover the amount of the judgment from the stockholders of the corporation because of the alleged failure to publish the annual notice of indebtedness required by statute, and to recover from certain of the stockholders real estate taken by them in exchange for shares of stock in the corporation. The trial court found against the plaintiff on the first cause of action, and in favor of the plaintiff against certain of the defendants upon the second cause of action. These defendants, who had exchanged their shares of stock for property of the

corporation, appealed, and the plaintiff has filed a cross-appeal from that part of the judgment which released the defendants from liability because of the alleged failure to publish the statutory notice.

The plaintiff was himself a stockholder in the corporation, and the first question presented upon his cross-appeal is whether that fact would prevent his recovery against the other stockholders because of the failure to publish notice. The statute makes all of the stockholders responsible for the failure to publish the statutory notice. They may compel the directors, by mandamus, to comply with the statute in that respect and so protect themselves from liability. *Smith v. Steele*, 8 Neb. 115. If they fail to see that the notice is published they become liable for debts of the corporation as specified in the statute. This amounts to a forfeiture for failure to perform a duty, as stated by Judge Maxwell in *Porter v. Sherman County Banking Co.*, 36 Neb. 271: "A forfeiture is not favored in law because it tends to rob a party of his just rights; and the same rule applies where it is sought to charge a party personally with a debt which he did not assume, but is imposed because of some alleged wrongdoing on his part. In such case the acts of omission or commission must clearly bring the case within the penal provisions of the statute."

If one stockholder who has incurred this penalty could recover of other stockholders similarly situated, it would seem that his recovery ought at least to be reduced by the amount of his own liability, or his judgment should be against himself as well as against the other stockholders. In that case, the easiest way for him to liquidate it would be to cancel the judgment which he had obtained. This leads to such extravagant conclusions that it seems impossible that the legislature could have intended such a result. The point was decided under a somewhat similar statute in *Potter v. Stevens Machine Co.*, 127 Mass. 592, and *Thacher v.*

*King*, 156 Mass. 490. *Bennison v. McConnell*, 56 Neb. 46, is not in point.

The second question presented is whether the statute gives this remedy to creditors whose claims accrued when the corporation was not in default for the statutory notice. Before the statute was amended in 1891, this court several times decided that stockholders were not liable under the statute for claims that accrued before the corporation was in default for the notice. *Smith v. Steele*, 8 Neb. 115; *Howell Bros. v. Roberts*, 29 Neb. 483; *Porter v. Sherman County Banking Co.*, 36 Neb. 271; *Gorder v. Plattsmouth Canning Co.*, 36 Neb. 548. The amendment of 1891 (Laws 1891, ch. 13) does not change the meaning of the statute in this respect.

The corporation was organized on the 7th of March, 1907, and within one year thereafter the indebtedness of the plaintiff's decedent was incurred. It was not necessary that a notice should be published during the year 1907. There was no default under the statute until one year after the organization of the corporation.

It is objected that the notice published on the 12th of March, 1908, was invalid because it was not signed by a majority of the directors. The trial court found that this was a sufficient notice, and as this plaintiff's decedent was in equal default with other stockholders in regard to the publication of this notice, and plaintiff cannot for that reason recover upon this ground, it is not necessary to consider whether this notice was sufficient under the statute and in view of the language used in the decision of *Smith v. Steele*, 8 Neb. 115.

The remaining question is as to the liability of the stockholders who surrendered their stock to the corporation in consideration of the property of the corporation which they received therefor. The courts of this country are divided as to the validity, under any circumstances, of an attempted transfer of the property of the corporation to its shareholders in consideration of a return and

cancelation of their shares. The circuit court of appeals of the United States, in *Burnes v. Burnes,* 70 C. C. A. 357, declares the law to be: "In the absence of constitutional or statutory prohibition, corporations have the inherent power to buy, to retire, and to sell their own stock." And this court appears to have adopted that view: "A corporation, when not prohibited by its articles or by statute, may buy and sell its own stock, and hold, reissue or retire the same, provided such act is done in entire good faith and in no manner injures the rights of its creditors or its stockholders." *Fremont Carriage Mfg. Co. v. Thomsen,* 65 Neb. 370.

It is necessary that the law should be well settled and thoroughly understood upon such a question, and we do not consider it advisable to re-examine the question now, after 18 years. The return of stock by shareholders to the corporation in consideration of property of the corporation must, however, be "in entire good faith and in no manner injure the rights of its creditors or its stockholders." The relation between stockholders under such circumstances may be regarded as confidential; and, if they are creditors of the corporation, their right to object to such a transfer is analogous to the right of creditors to object to transfers of property by their debtors.

The plaintiff contends that "it makes no difference that the Nebraska Improvement Company, at the time it transferred its corporate property to appellants in exchange for their shares of stock, had other assets, as the presumption is that such assets were properly used in liquidating the indebtedness of the corporation." The trial court in its findings appears to have adopted this view of the law, and held these defendants liable upon that theory. If the transfer was made with a view of securing themselves against loss on account of existing indebtedness of the corporation, the transfer might be held invalid as against such creditors; but,

if at the time of the transfer the remaining corporate property is of such value as to afford ample security for the debts of the corporation, and the creditor who is himself a stockholder and supposed to be more or less familiar with the business and assets of the corporation, with full knowledge of the transfer, recognizes it as valid and delays for years to make any complaint, and in the meantime the business of the corporation becomes unprofitable, there would seem to be no reason for holding the transfer invalid if otherwise made in good faith. In this case the judgment of this stockholder against the corporation was not obtained until about four years after the transfer was made, and something more than three years after his claim against the corporation had matured. So that, in determining the good faith of the transfer, it was important to know the conditions of the assets of the corporation at the time of the transfer and during this delay. The case was tried in the district court upon an extensive stipulation of facts, and we have not found in that stipulation evidence that there was a probability of insolvency of the corporation at the time of the transfer. The trial court made detailed findings of fact, but did not find that the corporation was insolvent at the time of the transfer, nor find any substantial fact from which bad faith on the part of these defendants in making the transfer could be inferred.

The judgment of the trial court against the plaintiff upon his cause of action alleged against the stockholders in general is affirmed; and the judgment in favor of the plaintiff against the defendants Oliver Waite, James Robbins, and Riley S. Hart is reversed, and the cause remanded for further proceedings upon that cause of action, with leave to the parties, if so advised, to amend their pleadings and introduce further evidence.

JUDGMENT ACCORDINGLY.

CORNISH, J., not sitting.