LOUIS E. SCHWABE ET AL., APPELLEES, V. AMERICAN RURAL
CREDITS ASSOCIATION, DEFENDANT: SAMUEL F. SANDERS
ET AL., APPELLANTS.

FILED DECEMBER 15, 1919.   No. 20903.

APPEAL from the district court for Dawes county:
WILLIAM H. WESTOVER, JUDGE. *Reversed and dismissed.*

*E. D. Crites* and *F. A. Crites,* for appellants.

*George W. Plantz* and *William P. Rooney, contra.*

CORNISH, J.

This case was argued and submitted in connection with
*Schwabe v. American Rural Credits Ass'n, ante,* p. 46,
in which judgment was recovered against the American
Rural Credits Association in the sum of $24,625. The
same plaintiffs sue the association and various stock-
holders for the recovery of personal judgments against
them, for the satisfaction of the judgment recovered.
The ground of the action is that the corporation had not
complied with the provisions of the Nebraska statute,
requiring domestic corporations to make and file annual
statements and copy of resolutions. Rev. St. 1913, secs.
549, 577, 586.

In *Schwabe v. American Rural Credits Ass'n, ante,*
p. 46, we have held that the judgment must be reversed
and the cause remanded. Inasmuch as the plaintiff's
right of action in this case depends upon their having
exhausted their legal remedy, it follows that our deci-
sion, reversing the judgment in the other case, must
work a vacation of the judgment appealed from in this
case and dismissal of the action. *Wehn v. Fall,* 55 Neb.
547; *Globe Publishing Co. v. State Bank of Nebraska,*
41 Neb. 175.

It is admitted that all of the 37 defendants, except
Odell, Talmadge and Lawson, were stockholders only,

having no voice or share in the management of the corporation. It would seem from the record that these stockholders were innocent holders of stock who had subscribed therefor under the same circumstances and conditions as the plaintiffs, who were also stockholders in the corporation. Assuming this to be true, it follows that the plaintiffs would have no right of action against these defendants for failing to comply with the Nebraska law, regulating the formation and management of the corporation. *Singhaus v. Piper*, 103 Neb. 493.

The American Rural Credits Association was a Delaware corporation, not domesticated. It would seem that the liability of stockholders in it would be fixed by the Delaware, and not by the Nebraska, law.

For the reasons above given, the judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

LETTON, J., concurs in the conclusion.