FRED L. SPEAR, RECEIVER, APPELLEE, v. FRANK OLSON ET AL., APPELLEES: LEWIS PETERSON ET AL., APPELLANTS.

FILED JANUARY 17, 1920.   No. 20999.

1. Corporations: NOTICE OF INDEBTEDNESS: RIGHT OF ACTION. "The liability of a stockholder in a corporation for failure of the corporation to publish notice of indebtedness required by section 577, Rev. St. 1913, is in the nature of a penalty for neglect of duty. One stockholder, who is equally in fault in that regard with all other stockholders, cannot maintain such action, as creditor of the corporation, against the other stockholders." *Singhaus v. Piper,* 103 Neb. 493.

2. ——: ——: LIABILITY OF STOCKHOLDERS. Stockholders in corporations which are in default for want of the annual notice of indebtedness, are not liable for debts of the corporation incurred before default.

3. Notes: PRE-EXISTING DEBT: DISCHARGE. A note taken for a pre-existing debt will not discharge the original obligation, unless it is taken in payment of the debt by agreement.

4. Corporations: NOTICE OF INDEBTEDNESS: STATUTE: CONSTITUTIONALITY. Section 577, Rev. St., 1913, is not in violation of section 4, art. XIb of the Constitution, providing for the liability of stockholders.

APPEAL from the district court for Nance county: GEORGE H. THOMAS, JUDGE. *Reversed.*

*John J. Sullivan, John C. Martin* and *George B. Thummel,* for appellants.

*Albert & Wagner, W. L. Rose, George F. Rose, Albert Thompson* and *J. H. Kemp, contra.*

LETTON, J.

Action by the receiver of an insolvent corporation against stockholders upon an alleged statutory liability for failure of the directors to publish an annual statement of the financial condition of the corporation. A judgment was rendered as prayed. Certain stockholders appeal.

The corporation never published any statement of its indebtedness. The allowed claims exceeded the assets of the corporation over $14,000. The receiver made an assessment against the stockholders upon their statutory liability for an amount sufficient to pay the debts and the expenses of the receivership. Six of the defendants filed a separate answer consisting of a general denial; an allegation that the indebtedness of the corporation to the First National Bank of Genoa, Nebraska, was contracted prior to the failure to publish the annual statement of indebtedness; that four of the alleged creditors have always been and still are stockholders of the corporation; that the money loaned by them was loaned at a time when they knew that the notice had not been published, and that they are now estopped from asserting any claim in equity against the defendants. The reply is a general denial. The case was tried on a stipulation of facts which shows: That the indebtedness to the First National Bank of Genoa was originally incurred in October, 1911, which was before the corporation was in default of notice; that the debt was evidenced by a promissory note for $6,000, payable in six months; that the original indebtedness was afterwards renewed from time to time without additional money being advanced or loaned, new notes being given

as evidence thereof; that certain defendants, whose claims had been allowed against the corporation, were at the time of the incurring of the liability directors of the same, and knew of the default in publication at the time of making the loans.

1. The original indebtedness to the First National Bank of Genoa was incurred while the corporation was not in default of publishing the notice. The question to be determined is whether, if a debt is renewed and new notes given after default, the creditor is entitled to the benefit of the statute.

The general rule is that a note taken for a pre-existing debt will not discharge the original cause of action, unless it is taken in payment of the debt by agreement. The renewal of a note by giving a new note does not pay the original debt, and, unless it is so agreed, it does not pay the original indebtedness, and does not create a new indebtedness. *Harvey v. First Nat. Bank,* 56 Neb. 320, 334; *Leschen & Sons Rope Co. v. Mayflower Gold Mining & Reduction Co.* 173 Fed. 855, 35 L. R. A. n. s. 1; *Griffin v. Long,* 96 Ark. 268, 35 L. R. A. n. s. 855.

The recitation in the stipulation that the "original indebtedness" was renewed must be taken to mean that the original indebtedness continued its identity although successive notes were given to evidence its renewal. We have repeatedly decided that stockholders are not liable under the statute for debts incurred before the corporation was in default in publishing the notice. *Smith & Crittenden v. Steele,* 8 Neb. 115; *Howell Bros. v. Roberts,* 29 Neb. 483; *Singhaus v. Piper,* 103 Neb. 493.

2. A number of the stockholders are also creditors, and the judgment of the court includes the debt due such stockholders.

In *Singhaus v. Piper, supra,* it is held that a creditor stockholder is not entitled to recover under this penal provision because he is equally guilty with the other stockholders, citing cases. We are content to abide with that decision, and therefore hold that the inclusion of the debts to such stockholders in the judgment was erroneous.

3. Stockholders are only liable for debts contracted after default. It is not shown when the debts were incurred for which the claims were allowed. The credit for them all may have been extended before the time when the first notice should have been published, so far as, the record shows. There is a failure of proof in this respect.

4. The Constitution, by section 4, art. XIb. merely declares the common-law liability of stockholders, and does not prohibit the legislature from imposing upon stockholders penal obligations for failure to comply with regulations affecting corporate duties prescribed by statute. There is nothing in the Constitution to prohibit such legislation. The cases of *Van Pelt v. Gardner,* 54 Neb. 701, and *Gorder v. Connor,* 56 Neb. 781, are not applicable. Some general expressions in these cases may, when read without reference to the facts and issues, seem to sustain the view that the liability imposed by section 577, Rev. St. 1913, violates section 4, *supra,* but, properly considered, the cases do not so decide. The judgment of the district court is reversed and cause remanded.

REVERSED.