JOHN B. CORNELL et al., Appellants, v. JOHN ROACH et al., Respondents.

101  373
131  145
101  373
134  268
101  373
164  233

The duty imposed upon manufacturing corporations by the General Manufacturing Act (§ 12, chap. 40, Laws 1848), of making and filing an annual report is a corporate duty, to be discharged by making a report, signed by the president and a majority of the trustees ; it is not a duty cast upon the trustees as such, or in their individual capacity.

In an action against trustees of a manufacturing corporation to recover a debt of the corporation because of a failure to make and file a report for the year 1877, four of the defendants joined in an answer, one count of which averred that said defendants failed to make a report for the year 1873, and for each year thereafter, and that more than three years had elapsed since any penalty or claim arose against them in favor of plaintiff. The number of trustees of the corporation was not alleged. On demurrer to this count, *held*, that it was defective, in that it did not aver that defendants were trustees in 1873, or thereafter, previous to 1877; nor did it allege any default by the corporation prior to 1877, as if it was to be assumed that defendants were trustees, still it did not appear and could not be assumed that they constituted a majority of the board, and the corporate duty might have been performed without their joining in the report.

Where a debt against such a corporation owned by a trustee thereof is assigned by him absolutely for value, the assignee, on a default in making and filing a report subsequently occurring, may proceed against trustees to recover the debt, although the assignor continues to be a trustee up to the time of the default.

(Argued January 21, 1886 ; decided February 9, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made January 25, 1883, which affirmed a judgment in favor of the defendants answering, entered upon an order overruling a demurrer to two counts of the answer, and dismissing the complaint.

This action was brought by plaintiff as creditor of the Ætna Iron Works, a corporation organized under the General Manufacturing Act, to recover against defendants, as trustees of the corporation, the amount of its indebtedness to them, because

of failure on its part to make and file an annual report for the year 1877.

The indebtedness alleged was the amount of certain bonds issued by the company. Four of the defendants joined in the answer, two counts of which were as follows:

"For a fifth and separate defense these defendants allege that the bonds described in the complaint herein, if valid, were issued to and held by their co-defendant, Birdsall Cornell, prior to said bonds having come into the possession of the plaintiffs; that said Birdsall Cornell had no right nor valid claim under the statute, chapter 40 of the Laws of 1848, and its amendments, nor otherwise, against these defendants, his co-trustees, founded upon said bonds or upon any indebtedness, if any, of said corporation, to him for any failure to make or publish or file any annual report since January 1, 1877, or since any time, and that the plaintiffs never became possessed of, nor entitled to, any such claim, right or penalty founded upon said bonds, by assignment, or in any way."

"For a ninth and separate defense these defendants allege that these defendants failed to file any annual report of said corporation within twenty days after the 1st day of January, 1873, and that they filed none in January, 1874, nor in 1875, and none in January, 1876, and that they have filed no report whatever since the 1st day of January, 1873, and that before this action was begun, which was on or about December 22, 1879, more than three years had elapsed from the time when any penalty or claim whatsoever, if any, had arisen in plaintiffs' favor against the defendants herein."

To these two counts plaintiffs demurred.

*Tallmadge W. Foster* for appellants. Plaintiffs upon the transfer of the bonds to them became creditors of the Ætna Iron Works, and the assignment to them of a debt owing by the corporation carried with it all rights and remedies for its recovery and collection. (*Bolen* v. *Crosby*, 49 N. Y. 183–187.) For any default in filing the report occurring prior to the transfer of the bonds, the then trustees would not be liable if plaintiffs'

assignor were a trustee at the time of such default. (*Knox* v. *Baldwin*, 80 N. Y. 610; *Briggs* v. *Easterly*, 62 Barb. 51; *Estes* v. *Burns*, 37 Supr. Ct. 1; *Bronson* v. *Dimock*, 4 Hun, 614.) A cause of action arises upon each default under the statute, and the statute of limitations begins to run as to each default from the time of such default. (*Nemmons* v. *Tappan*, 2 Sweeney, 652; *Anderson* v. *Speers*, 8 Abb. N. C. 382.) The general purpose of section 12 of the act of 1848 (Chap. 40) is to provide authentic information to creditors of the company and those dealing with it of its financial condition at fixed recurring periods, so as to enable them to act intelligently. (*Cameron* v. *Seaman*, 69 N. Y. 401; *Bruce* v. *Platt*, 80 id. 386.)

*George W. Van Siclen* for respondents. The right to sue defendants for a default under section 12 of the act of 1848 (Chap. 40) did not revive and continue upon each subsequent and successive neglect to file a report after the first, but was exhausted by a single default, and the statute commenced to run at that time. (*Losee* v. *Bullard*, 79 N. Y. 404; *Trinity Church* v. *Vanderbilt*, 98 id. 170.) As plaintiffs' assignor was himself a trustee he had no right of action for a penalty against his co-trustees and could assign none. (*Knox* v. *Baldwin*, 80 N. Y. 610.)

ANDREWS, J. The duty imposed upon manufacturing corporations by the twelfth section of the act of 1848 (Chap. 40), to make a report, is a corporate duty, to be discharged by making a report signed by the president and a majority of the trustees. The duty is not cast upon the trustees, either as such, or in their individual capacity. The section makes it the duty of the company to make the report, and provides for the manner of performing it. The act, as amended in 1860, provides that such corporations shall have not less than three nor more than thirteen trustees. It is evident therefore that a report made by a corporation organized since the act of 1860, having the full number of trustees thereby authorized, if signed by seven trustees, is, in that respect a valid report. So also of a corpo-

ration previously organized which under the authority of the act of 1860 has increased its number of trustees to thirteen. The original act required that there should be not less than three, nor more than nine trustees. (§ 3.) A corporation previously organized, which has not availed itself of the act of 1860, if there were nine trustees, could make a report signed by five trustees. It does not appear whether the Ætna Iron Works was organized before or after 1860, or of what number the trustees consist. The ninth defense alleges that the defendants, comprising four persons, failed to file a report in 1873, and in each year thereafter, including 1876, and that more than three years had elapsed prior to the commencement of the action, after the penalty for not filing the report, if any, had been incurred. This defense was demurred to on the ground that it was insufficient in law. The complaint counts upon a failure of the Ætna Iron Works Company to file a report in 1877. The ninth defense was intended doubtless to set up the statute of limitations. But it neither alleges that the four defendants were trustees at the time of the alleged defaults, nor that there was any default by the *company* in performing the corporate duty of making a report. If it could be held that it is impliedly averred that the defendants were trustees prior to 1873 (*Marie* v. *Garrison*, 83 N. Y. 14), the other objection taken cannot in this way be obviated. The allegation that the defendants failed to make or file a report in 1873, and the following years prior to 1877, may be true, and yet the corporate duty of making a report may have been performed by a report·made and signed by a majority of the trustees ; since if there were nine or more trustees, a report signed by the trustees other than the defendants, would have been a compliance with the statute. There being no averment as to the number of trustees, it cannot be assumed that the defendants comprised a majority of the board. We think, therefore, the demurrer to the ninth defense was well taken.

The fifth defense does not allege that the title of the plaintiffs to the bonds, as assignees of Birdsall Cornell, one of the trustees, accrued subsequent to the default alleged, or that the assignment was not absolute. It is not necessary, therefore, to consider

whether if the bonds were assigned as collateral security only, a default of the company to make a report occurring subsequently to the assignment, would be available to the assignee.    It cannot however be doubted, that when a debt against a corporation, owned by a trustee, is assigned by him absolutely for value,   the assignee,   on a default   by the company subsequently occurring to make a report, may proceed under the twelfth section although the assignor continued to be a trustee up to the time of the default.   The fifth defense was defective irrespective of any other question for the omission to aver that this default occurred prior to the accruing of the plaintiffs' title.    It results, therefore that the judgment overruling the demurrer   should be reversed, and judgment entered for the plaintiffs, with liberty to the defendants to answer within twenty days on payment of costs.

All concur.

Judgment accordingly.