Lucien W. Coy et al. v. Richard D. Jones et al.,

AND

Marathon County Bank v. Richard D. Jones et al.

[Filed November 25, 1890.]

1. **Limitations:** Quasi-Penal Actions: Stockholder's Lia-
bility. Section 136, chap. 16, Compiled Statutes, which makes
stockholders in a corporation liable for debts contracted by the
corporation while its officers are in default in publishing an an-
nual notice stating "the amount of all of its existing debts," is
*quasi*-penal, only, but is not a penalty, the evident purpose being
to secure the rights of creditors, and an action to recover such
debts is not barred by the statute of limitations in one year.
(*Howell v. Roberts*, 29 Neb., 483.)

Error to the district court for Webster county. Tried
below before Gaslin, J.

*Kaley Bros.*, for plaintiffs in error.

*Case & McNeny, contra.*

Per Curiam:

The plaintiffs in error brought their action in the court
below alleging that on February 4, 1884, the Nebraska
Lumber Company, of Red Cloud, in said county, became
a duly authorized corporation under the laws of this state,
of which corporation the defendants were stockholders and
members, and were responsible as such under section 136,
chap. 16, Compiled Statutes. That on April 10, 1888, the
plaintiffs recovered judgment in the court below, against
the said corporation, upon certain promissory notes given
for goods sold and delivered to it for $1,975.84, and costs,
for the collection of which final process was issued and
served, and returned *nulla bona*, and that said corporation
was thenceforward, and hitherto insolvent.

Coy v. Jones.

The plaintiffs further alleged that for more than one year next prior to the time of contracting said indebtedness, the corporation had not given notice of the amount of its existing debts in a newspaper printed in said county, or elsewhere, as required by the statute, of its incorporation, by reason of which default the defendants, as stockholders, became personally liable for the debts and for said judgment recovered against the Nebraska Lumber Company.

To this complaint the defendants demurred as insufficient to constitute a cause of action, which defense the court below held to be sufficient, and gave judgment thereon.

From the record it appears that this action was brought in the court below on September 28, 1888, to secure the rights of the plaintiffs, as creditors, against the defendants as stockholders of a defaulting and insolvent corporation.

The defendants' counsel, in their brief, maintain that this is a penal action merely, and under section 13 of the Civil Code, that an action for a penalty, or forfeiture, can only be commenced within one year after the cause of action shall have accrued, citing twenty precedents in support of their view, and endeavoring to bring the case within their premises.

It is only necessary to state that this question has heretofore been considered by the court; that it was fully considered on a reargument to the court in the case of *Howell v. Roberts,* at the last term, 29 Neb., 4S3, in which it was held that sec. 136 of chap. 16, Comp. Stats., under which this action was brought, and " which makes stockholders in a corporation liable for debts contracted by the corporation while its officers are in default in publishing an annual notice stating *the amount of all the existing debts of the corporation,* is *quasi*-penal, but is not a penalty; the evident purpose being to secure the rights of creditors, and an action to secure the rights of creditors, and to recover such debts, is not bared by the statute of limitations in one year." ( *White v. Blum,* 4 Neb., 563 ; *Smith v. Steele,* 8 Id.,

115; *Garrison v. Howe,* 17 N. Y., 458; *Doolittle v. Marsh,* 11 Neb., 243.)

The judgment of the district court is reversed, and the cause remanded for further proceedings.

The Marathon County Bank, as plaintiff in error, alleges that on April 13, 1888, it recovered a judgment against the same corporation, in the district court of Webster county, on a promissory note of Kriegsman & Co. for $1,542.66, with interest at ten per cent per annum, payable to said corporation on January 8, 1886, dated November 9, 1885, and indorsed by the defendant R. D. Jones, as president of said corporation, whereby the corporation was liable for the same, for the sum of $1,920.50 and costs, for the collection of which final process was issued and served, and returned *nulla bona,* and that said corporation was thenceforward and hitherto insolvent.

Under the same conditions and terms the court below gave judgment for the defendants and against the plaintiff in error, and upon the same conditions and terms of the preceding case, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.