## THOUSAND ISLAND PARK ASS'N v. GRIDLEY.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

ORDERS OF COURT—RECITALS—CORRECTION.

Under General Rules of Practice No. 3, providing that, where an order is entered, all papers used on the motion shall be specified in the order, and filed, it was error to refuse to amend an order, except on condition, so as to recite an important affidavit, which had been read, but inadvertently omitted from the record, where sufficient excuse was shown for such omission.

Appeal from special term, Onondaga county.

Action by the Thousand Island Park Association against Helen M. Gridley. From an order denying a motion to correct a former order in the case, except upon conditions, defendant appeals. Reversed.

The action was instituted to secure the removal of a dock which the defendant had constructed in the river St. Lawrence. The plaintiff had judgment, and the defendant appealed therefrom to this court, where the judgment was affirmed. The defendant then appealed to the court of appeals, which appeal is still pending. In June, 1897, the same special term made an order refusing to punish the defendant as for a contempt in not complying with the judgment which required her to remove a portion of the dock, upon the ground that the defendant had not been personally served with a copy of the judgment; but the order contained the statement that the defendant had not, by her appeal to the court of appeals, and her undertaking given on such appeal, stayed the execution of the judgment. From this order the defendant appealed to this court, which appeal is still pending. Upon that motion an affidavit of Willis T. Gridley, which contained important facts, and which established, as the defendant claims, that undertakings had been made and served that were sufficient to stay the execution of the judgment, was read, but by inadvertence it was not recited as a part of the motion papers in the order, and this affidavit is not a part of the record on the first appeal. The court granted leave, however, to renew this motion after 10 days. In pursuance of such leave, the defendant made the motion which resulted in the order herein appealed from. The motion was granted on the condition that the defendant admit personal service upon her of a certified copy of the judgment of the special term, or that she come within the jurisdiction of the court, and give plaintiff an opportunity to make personal service of a certified copy of the said judgment upon her; otherwise the motion was denied. The plaintiff's affidavits upon the motion contained matter from which it was claimed that the defendant was avoiding the service of a copy of the judgment.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

B. A. Benedict, for appellant.
Edwin Nottingham, for respondent.

WARD, J. The purpose of the motion which resulted in the order appealed from was to correct the record upon an appeal from a former order, so as to insert in such record an important affidavit that had been made and read upon the motion which resulted in the first order. Rule 3 of the General Rules of Practice requires that when an order is entered that all the papers used or read on the motion on either side shall be specified in the order, and shall be filed with the clerk unless already on file, or otherwise ordered by the court. It is not denied but that an important affidavit was made and read upon the motion on behalf of the defendant, and that it was not recited in the order, nor

filed, nor made a part of the record. The defendant was entitled to have this done, and the court at special term was in error in imposing a condition upon this manifest right of the defendant. The affidavit was inadvertently omitted from the record, and the papers upon this appeal disclose a sufficient excuse for such omission.

The order appealed from should be reversed, with $10 costs, and the motion to correct the record granted, with $10 costs. All concur.