(100 App. Div. 443)

## BOYNTON v. SPRAGUE et al.

(Supreme Court, Appellate Division, First Department. January 20, 1905.)

1. ASSIGNMENT—WHAT ACTIONS ASSIGNABLE—PENALTIES—INCIDENTS OF DEBTS.

The right given by Laws 1897, p. 313, c. 384, § 30, to sue the directors personally for the debts of the corporation, where the annual report required by such section is not filed, passes as an incident to the debt to an assignee thereof during the lifetime of the creditor, or to a receiver appointed for the creditor in supplementary proceedings against him.

2. CORPORATIONS—LIABILITY OF DIRECTORS—STATUTORY PROVISIONS—PLEADING—COMPLIANCE WITH PROVISO.

A complaint against the directors of a corporation to enforce the liability imposed by Laws 1897, p. 313, c. 384, § 30, for failure to file the report required by such section, need not state, nor need plaintiff prove, a compliance with Laws 1899, p. 767, c. 354, adding to the former statute a new section, numbered 34, exempting directors from liability to a creditor unless a specified notice is served on the directors within three years after the act or default complained of, as such section adds a proviso to the original section, noncompliance with which can be pleaded and proved by the director, and not an exception.

3. EXECUTION—SUPPLEMENTARY PROCEEDINGS—BOND—FILING—AMENDMENT OF ORDER.

Under Code Civ. Proc. § 723, authorizing amendments at any stage of the proceedings in furtherance of justice, the court, in an action by a receiver in supplementary proceedings, may amend nunc pro tunc a provision of the order appointing the receiver, requiring him to file his bond with the county clerk, so as to require the filing of the bond with the clerk of the City Court, with whom it was intended to have the bond filed, and with whom it was actually filed.

4. SAME—APPOINTMENT OF RECEIVER—COLLATERAL ATTACK.

Any irregularity in the filing of the bond of a receiver in supplementary proceedings cannot be taken advantage of collaterally in an action by the receiver against a debtor of the judgment debtor.

Appeal from Trial Term, New York County.

Action by George M. Boynton, as receiver of Leon Marie, against Henry L. Sprague and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

This is an action brought in supplementary procedings by a receiver of a creditor of the Sitka Developing Company against its president and others to recover of them personally, under section 30 of the stock corporation law (Laws 1892, p. 1832, c. 688), the debt due from the company, as a penalty for failure to file an annual report. Leon Marie entered into a contract with the company on May 8, 1899, to act as general manager in Alaska for one year at a stated salary, and immediately went to Alaska, where he remained until November, 1899, when he was directed to return, and was told that the company was without funds to continue his employment. There was due him for salary on May 1, 1900, the sum of $2,650, which was never paid. In May, 1901, a judgment was obtained against him in the City Court for the sum of $322.27. Execution on the judgment having been returned unsatisfied, the plaintiff was appointed receiver in supplementary proceedings, and proceeded to institute this action. It is conceded that in January, 1900, the company failed to file an annual report as required by section 30 of the stock corporation law (chapter 384, p. 313, Laws 1897), which section, after reciting the nature of the report to be filed, provides that, "if such report.

is not so made and filed, all the directors of the corporation shall jointly and severally be personally liable for all the debts of the corporation then existing and for all contracted before such report shall be made," unless a director shall file·a certificate that he has endeavored to have such report filed, but the majority refuse or neglect to do so, and he has not personal knowledge of the items required. By the Laws of 1899, p. 767, c. 354, section 34 was added to the provisions of the statute, limiting the liability of the directors as follows: "No director shall be liable to any creditor　*　*　*　because of any failure to make or file an annual report　*　*　*　(2) unless within three years after the occurrence of the act or the default in respect of which it shall be sought to charge the director, such creditor shall have served upon such officer or director written notice of his intention to hold him personally liable on his claim provided nevertheless that any such liability　*　*　* may be enforced by action begun　*　*　*　within　*　*　*　1899.　*　*　*" The complaint alleged the debt due, and sets up section 30, averring that the report was not filed, but makes no reference to section 34; nor was there any proof offered by the plaintiff as to the giving of notice to the defendants. There was no dispute upon the facts, and the court directed a verdict for the plaintiff, and from the judgment so entered the defendants appeal.

·'·Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Allen Wardwell, for·appellants.
Joseph A. Arnold, for respondent. ·

O'BRIEN, J. The appellants rely principally upon three grounds for the reversal of this judgment, which may be considered in their order:

The first is that the right to recover the penalty did not pass to the receiver, it being a personal one, or, as expressed by the appellants, "the claim which Marie had against the defendants, being in the nature of a claim to recover a penalty, and therefore an action ex delicto, did not pass to the plaintiff as receiver in supplementary proceedings." There are cases, some of which are referred to by the appellants, which hold that an action to recover a penalty for failure to file an annual report does not survive the death of the creditor. Brackett v. Griswold, 103 N. Y. 425, 9 N. E. 438; Blake v. Griswold, 104 N. Y. 613, 11 N. E. 137. While it is true, however, that the right to sue does not survive the death of a creditor, it is equally true that either by assignment in fact, or by assignment in law, which would result from the appointment of a receiver, the creditor being alive, it would pass as an incident to the main debt. Thus in Bolen v. Crosby, 49 N. Y. 183, where a judgment against a corporation for services was assigned by the creditor, and the assignee sued the trustees for failure to file a report, it was held that the assignment of the judgment carried with it the claim and debt upon which it was founded, and all claims against others as collateral and incidental to it, and that the assignee's right to sue, and to all the remedies which his assignor could have had, was perfect. See, also, Stokes v. Stickney, 96 N. Y. 323. It follows, therefore, that the plaintiff, as assignee, could sue to recover the penalty.

The second objection urged by the appellants is that·the complaint did not allege, nor did the plaintiff prove, the giving of the notice required by the statute. This contention is sought to be supported by

the argument that, where somewhat similar statutes have required the giving of notice in actions brought against municipal corporations and in actions brought against employers under the employer's liability act, it has been held that the giving of such notice was a condition precedent to maintaining the action, and the plaintiff must both plead and prove that such notice was given. It is unnecessary to point out the distinction between the statutes referred to and the one here presented, because the dissimilarity is shown and the question authoritatively settled in Shepard v. Fulton, 171 N. Y. 184, 63 N. E. 966, wherein the rule is thus stated:

"Defendant's liability was created by section 30 of the stock corporation law (Laws 1892, p. 1832, c. 388) as it existed on January 1, 1896. This statute was modified in 1899 by an amendment under which the liability was made to depend upon certain conditions. This modification was in the nature of a proviso which the plaintiff was not bound to negative either in his pleading or proof. The burden was on the defendant to aver and prove that the case was one falling within the terms of the amendment of 1899. Since he failed to plead or prove this essential fact, he cannot complain because it is not found."

The appellants argue that the Fulton Case, supra, turned upon the fact that no notice was necessary therein, as the action was begun within the year 1899, and hence it is not controlling. What was therein said, however, in the language quoted with respect to the nature of section 34 of the statute, we regard as decisive of the point here raised. That section of the statute requiring notice is a proviso—that is to say, a clause against the pleader, following one for his benefit—whereas in the employer's liability act and in the statute relating to municipal corporations the requirement is an exception incorporated in the body of the clause. As pointed out in Rowell v. Janvrin, 151 N. Y. 67, 45 N. E. 398, in the latter case he who pleads the clause must plead the exception, whereas in the former he may plead the clause, and leave it to his adversary to show the exception. "If the modifying words are no part of the enacting clause, but are to be found in some other part of the statute or in some subsequent statute, * * * he may then state his case in the words of the enacting clause, and it will be prima facie sufficient."

The appellants' third point is that the plaintiff never qualified as receiver, and was therefore not entitled to bring this action. The alleged defect is that in the order appointing the receiver it is provided that his bond be filed with the "clerk of the county of New York," but it was actually filed with the clerk of the City Court, and not until the trial of this action, when it was desired to offer the bond in evidence, was there any attempt made to correct the error; an order being then obtained amending the order appointing the receiver nunc pro tunc by striking out the provision as to filing with the clerk of the county of New York, and inserting the provision that it be filed with the clerk of the City Court; the order reciting that the former provision had been inadvertently and erroneously inserted. The appellants argue that "the plaintiff failed entirely to qualify in accordance with the order of appointment, and should not be permitted to cure that defect in the midst of the trial, three years after the order was entered,"

and that the order amending the order of appointment was improperly obtained. We think that, under section 723 of the Code of Civil Procedure, the court had the power to correct the error, and properly did so, and that the defendants were not thereby injured. Furthermore, we think the respondent is right in the contention that the appellants cannot collaterally attack the irregularity in the filing of the bond. In this respect the case is similar to Morgan v. Potter, 17 Hun, 403, wherein it was said:

"The respondents take the position that the receiver has not filed a bond as required by the order appointing him. * * * It appears that he executed an undertaking or obligation which was not under seal. In that respect the instrument was irregular, but we think the judgment debtor only can take advantage of the irregularity."

And in Wright v. Nostrand, 94 N. Y. 31, it was said:

"The only interest which the defendants have * * * in the question of the regularity of the appointment of the plaintiff as receiver * * * is to see that he rightfully represents the plaintiffs, in order that they may not be subjected to other actions for the same cause. * * * If the judgment in this case be determined to be a bar, * * * then the defendants have secured all the protection to which they are entitled. * * * This protection seems to have been secured by the order * * * authorizing the prosecution thereof. * * * While it is essential in any action brought by a receiver that he should show an appointment as such receiver, * * * it is yet not open to the party in a collateral proceeding to raise every question relating to the validity of such appointment."

The other contentions of the appellants we have examined, but do not think that they require discussion; our conclusion being, on the entire record, that the court was right in directing a verdict for the plaintiff, and that the judgment and order should be affirmed, with costs. All concur.