(55 Misc. 30)

## MULLER et al. v. CITY OF PHILADELPHIA et al.*

(Supreme Court, Special Term, New York County. October 12, 1906.)

COURTS—PROCEDURE—RECORDS—CORRECTING DEFECTS AND OMISSIONS.

Code Civ. Proc. § 723, authorizes the court to correct a mistake in the name of a party, or a mistake in any other respect, and directs that in every stage of the action an error or defect in the pleadings or other proceedings which does not affect the substantial rights of the adverse party may be disregarded. Section 724 provides that, where proceedings fail to conform to the provisions of the Code, the court may remedy the error by amendment. Section 876 empowers the referee to adjourn an examination of an adverse party from time to time to another place within the same county. *Held*, that where, through a stenographic error, the county of New York, instead of the county of Schuyler, was designated as the place to which adjournments could be taken in an order for an examination before trial, the provision relating to adjournments, being entirely superfluous, might be expunged without affecting the full compliance of the order with the provisions of the Code.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, §§ 369–373.]

Action by Charles F. Muller and others, executors of and trustees under the will of Thomas W. Evans, deceased, against the city of Philadelphia and others. Defendant Valois moves to vacate an order for examination before trial. Motion denied.

Louis Marshall and Owen Cassidy, for the motion.

Davies, Stone & Auerbach (Julien T. Davies, of counsel), for defendant Thomas W. Evans Museum & Institute Society, opposed.

J. Noble Hayes, for defendant Muller and others, opposed.

Coudert Bros. (Frederic R. Coudert, of counsel), for defendants W. W. Evans and others, opposed.

John Vernon Bouvier, Jr., for defendant city of Philadelphia, opposed.

George W. Elkins, for defendant Julius M. Mayer, Atty. Gen., opposed.

GIEGERICH, J. This motion to vacate an order for the examination before trial of the defendant Valois presents for the most part the same questions that are presented on the motion for an inspection and discovery, herewith decided, and should be denied for the same reasons as are set forth in the memorandum handed down on that application and herewith published. 104 N. Y. Supp. 781. The order directs the said defendant to appear before a referee in Watkins, Schuyler county, but through a stenographic error the county of New York, instead of the county of Schuyler, was designated as the place to which adjournments might be taken. The provision relating to adjournments is easily separable from the rest of the order, and hence may be expunged without affecting the full compliance of the order with the provisions of the Code of Civil Procedure.

Ample authority for such course is found in sections 723 and 724 of the Code of Civil Procedure. The former, among other things, authorizes the court to correct a mistake in the name of a party or a mistake in any other respect, and directs that in every stage of the action an error or defect in the pleadings or other proceedings, which

*For affirmance in Appellate Division, see 103 N. Y. Supp. 1135.

does not affect the substantial rights of the adverse party, must be disregarded. The latter provides that, where a proceeding fails to conform to the provisions of the Code, the court may remedy the error by amendment. An error of a character similar to the one in the present case was the subject of decision in Boynton v. Sprague, 100 App. Div. 443, 91 N. Y. Supp. 839. There it appeared that the order appointing a receiver in supplementary proceedings erroneously provided that the receiver's bond should be filed with the clerk of the county of New York, instead of with the clerk of the City Court of New York, where the bond was actually filed. The receiver having brought an action, and the error having come to light, he was allowed to amend the order nunc pro tunc, and in affirming the order the court said (page 448 of 100 App. Div., page 842 of 91 N. Y. Supp.):

"We think that, under section 723 of the Code of Civil Procedure, the court had the power to correct the error, and properly did so, and that the defendants were not thereby injured."

See, also, Matter of Christian Jensen Company, 128 N. Y. 550, 28 N. E. 665; Thousand Island Park Association v. Gridley, 25 App. Div. 499, 49 N. Y. Supp. 722; Matter of Quo Vadis Amusement Company, 82 App. Div. 240, 81 N. Y. Supp. 394.

The referee is expressly empowered by section 876 of the Code of Civil Procedure to adjourn the examination from time to time to another place within the same county, and the provision for the adjournment of the examination is entirely superfluous, and should therefore be stricken out, pursuant to the motion of the defendant Thomas W. Evans Museum & Institute Society, made upon the argument of this motion.

The motion to vacate the order is denied, without costs. Settle order on notice.