[No. 8672.]

CREDIT MEN'S ADJUSTMENT CO. v. VICKERY ET AL.

1. CORPORATIONS—*Liability of Directors—Annual Report—Statute Construed.* Chapter 102 of the Laws of 1911, is penal, so far as it concerns the acts and omissions of the directors, and in the determination of their liability is to be strictly construed. (216.)

When their liability is clearly shown the statute is remedial as to creditors, and to be construed liberally. (216.)

2. ——*Assignee of Creditor,* is entitled to an action against the directors. (218.)

*Error to Denver District Court.* Hon. WILLIAM D. WRIGHT, Judge.

Mr. EVERETT OWENS, and Mr. GEORGE B. STRUBY, for plaintiff in error.

Messrs. BARDWELL, HECOX, McCOMB & MEANS, and Mr. HORACE C. SKILLMAN, for defendants in error.

The Colorado Chalmers Motor Company, a Colorado corporation, of which defendants in error are the directors, failed to file its annual report as provided by law. Eight of its creditors assigned their claims to the Adjustment Company, plaintiff in error, which brought this action to enforce payment of the debts, under the statute making the directors liable personally for all the debts of the corporation for their failure to file the report. There are no disputed facts. The correctness of all the claims is admitted and it is conceded the directors would have been liable had actions been brought by the original creditors. The only question is whether an assignee of creditors of a corporation is entitled to pursue the remedial right to enforce the personal liability of the directors, under the statute relating to the filing of annual reports. The court below held plaintiff could not maintain the action for the reason that the right being one to enforce a penalty, was not assignable. We are asked to review this ruling.

Mr. Justice Garrigues delivered the opinion of the court.

Chapter 102, Laws of 1911, after stating that corporations shall file annual reports and specifying what they shall contain, at page 259, provides:

"And if any such corporation, joint stock company or association shall fail, refuse or omit to file the annual report aforesaid, and to pay the fee prescribed therefor, within the time above prescribed, all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation, joint stock company or association that shall be contracted during the year next preceding the time when such report should by this section have been made and filed and until such report shall be made and filed.

And as a further penalty for such failure, refusal or omission of the president and secretary of such corpo-

ration, joint stock company or association to comply with the conditions of this law, they shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

It is the contention of defendants in error that the action is to collect a penalty given by statute to original creditors, and that the right to recover a penalty cannot be assigned; that the assignment to plaintiff of the claims did not carry with it the right to enforce the statute against the directors making them personally liable for all the debts of the corporation; that though the original creditors could enforce the collection of their claims against the directors, as a penalty, for their failure to file the annual report, the assignee of the claims secured no such right because the right to collect a penalty cannot be assigned.

1.   This kind of a statute imposing a liability on directors for the debts of a corporation for failure to file a report, is, broadly speaking, penal in character, although not such in the strict sense of that term.  It may be repealed without impairing the obligation of contracts. Within the statute of limitations, and, for the purpose of determining the liability of directors, it is as to them in the nature of a penalty; but when the facts bring the case against the directors clearly within the statute, it affords relief to creditors and, as to them, is remedial in character.  The courts of this state have often considered the statute from the side affecting directors, and as to them uniformly held it to be penal in its nature. Here the directors' liability is admitted, and we are now confronted with the question which requires a consideration of the statute from the view-point of creditors in enforcing the liability.  The dominant idea of the statute no doubt is to secure an enforcement of the law by making directors personally liable for the debts of the corporation if they neglect to file the report.  But at the

same time it affords creditors relief by way of compensation, which may be summed up in a judgment against the directors. In *Huntington v. Attrill,* 146 U. S. 657, 36 L. Ed. 1123, 13 Sup. Ct. 224, it is said:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

"As the statute imposes a burdensome liability on the officers for their wrongful act, it may well be considered penal, in the sense that it should be strictly construed. But as it gives a civil remedy, at the private suit of the creditor only, measured by the amount of his debt, it is as to him clearly remedial."

In some respects the statute is penal, while in others it is remedial in character. Penal in its nature as to the directors for the purpose of determining their liability, and to be strictly construed. When the liability is clearly shown, it is remedial in character as to creditors and to be liberally construed in its enforcement.—*Nickerson v. Wheeler,* 118 Mass. 295; *Marathon Bank v. Jones,* 30 Neb. 798, 47 N. W. 208, 10 L. R. A. 658; *Cady v. Sanford,* 53 Vt. 632; *Nebraska Bank v. Walsh,* 68 Ark. 433, 59 S. W. 952, 82 Am. St. 301; *Machinery Co. v. Smith,* 87 Kan. 331, 124 Pac. 414, 41 L. R. A. (N. S.) 379, Ann. Cas. 1913E 243; *Kilton v. Prov. Tool Co.,* 22 R. I. 605, 48 Atl. 1039.

2. Having determined that the statute is remedial in character and compensatory as to creditors, the next question is, can plaintiff, as assignee of creditors, enforce the liability against directors. There are no conditions, restrictions or exemptions in the statute making directors liable who fail to file annual reports. It says

they shall be liable for all debts. When these claims were assigned to plaintiff, it became a creditor, by virtue of its ownership of debts against the corporation. The debts and the remedial right to collect them from the directors go together. Plaintiff had its own right of action under the statute for the recovery of these debts from the directors, not an assigned right of action to collect a penalty. This right it possessed, not by reason of the assignment of a penalty—except in the sense that the remedial right to sue for the penalty passed to plaintiff as an incident to the assignment of the debts—but because the statute which makes the directors liable for all the debts, gives it that right.

We are of the opinion that plaintiff as assignee is entitled to maintain this action as a creditor, against the directors, for the recovery of the corporate debts held by it, under the statute imposing liability upon directors. —*Boynton v. Sprague,* 100 App. Div. 443, 91 N. Y. Supp. 839; *Pier v. George,* 86 N. Y. 613; *Cornell v. Roach,* 101 N. Y. 373, 5 N. E. 52; *Davis v. Mills,* (C. C.), 99 Fed. 39.

The following cases are also cited with reference to statutes making individuals liable for corporate debts in certain contingencies: *Winchester v. Howard,* 136 Cal. 432, 64 Pac. 692, 69 Pac. 77, 89 Am. St. 153; *Came v. Brigham,* 39 Me. 35.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and MR. JUSTICE SCOTT concur.