MARY MCCLUNG PARDEE and Another, as Executors, etc., of JESSE HOMAN PARDEE, Deceased, Plaintiff, *v.* MUTUAL BENEFIT LIFE INSURANCE COMPANY, Defendant.*

Supreme Court, Erie County, October 10, 1932.

* Modfd. and affd., 238 App. Div. 294.

*James C. Sweeney*, for the motion.

*Evan Hollister*, opposed.

LARKIN, J. This action is brought to recover upon two policies of life insurance issued by the defendant upon the life of the late Jesse Homan Pardee. The policies were payable to his estate. His will has been probated. The executors therein named are his wife, Mary McClung Pardee, and the M & T Trust Company. Together they constitute the party plaintiff in this action. The answer admits the issuance of the policies, and pleads, as an affirmative defense, that they are void because the insured committed suicide. Concededly, the burden of proof is upon defendant to establish this defense. It has given notice to the plaintiff Mary McClung Pardee that it desires to take her testimony, by deposition, before trial, individually and as executor of the last will and testament of Jesse Homan Pardee, as to (a) the financial affairs of Jesse Homan Pardee prior to and at the time of his death on

November 13, 1931; and also the financial condition of his estate up to the time of the examination; (b) the marital and domestic relations between the said Mary McClung Pardee and her husband at the time and prior to his death, on November 13, 1931; (c) the physical and mental condition of the said Jesse Homan Pardee prior to and on November 13, 1931; and (d) the details connected with the finding of the body of Jesse Homan Pardee and the events which transpired in the household of the said Jesse Homan Pardee before, at the time of, and after his death. The notice is directed to Mary McClung Pardee, individually, and as one of the executors of the will of Jesse Homan Pardee.

At the outset the plaintiff, Mrs. Pardee, objects to her examination as an individual. I find no authority for the notice in the form in which it is given. She is suing as one of the executors of the last will and testament of Jesse Homan Pardee. As such, the defendant is entitled to examine her before trial as an adverse party (section 288 of the Civil Practice Act), but, as an individual, she is not a party to the action. In so far as the notice is directed to her individually, it may be disregarded. She is required to appear for examination as a party plaintiff only. However, this is a mere irregularity, and furnishes no ground for vacating the notice in its entirety.

It is the further contention of Mrs. Pardee that the examination should be limited to matters which relate solely to her executorship. It is her position that as an executor she is in a different situation from that of an individual, and may only be questioned in regard to information which she has acquired while acting as executor. I fail to find any such limitation in section 288 (*supra*). She has made herself a party of record, and, as such, falls within the language of the statute. The fact that she sues in a representative capacity is no reason for denying the defendant its right to examine her, under section 288 (*supra*), as to any defense upon which it has the burden of proof. (*McGuffin* v. *Dinsmore*, 4 Abb. N. C. 241; *Woods* v. *DeFiganiere*, 1 Robt. [24 N. Y. Super.] 607, 610; *Muller* v. *City of Philadelphia*, 55 Misc. 30.) On such an examination defendant may question her to ascertain any fact relevant and material to its defense. The language of Mr. Justice FOLLETT, in *People* v. *Armour* (18 App. Div. 584, at pp. 586 and 587) is applicable: " In so far as these orders require the examination of persons they are clearly authorized by the Code. And the fact that the persons to be examined happen to be the employees of corporations, and learned the facts which they are supposed to know, and in respect to which they are to be examined, while acting as such employees, is an immaterial circumstance. The

plaintiff has a clear right to ascertain these facts, no matter how or in what capacity the persons to be examined learned them."

Moreover, it must be borne in mind that Mrs. Pardee is more than a mere nominal party to this record. She is the chief beneficiary under the will of her husband, and, as such, vitally interested in the outcome of this litigation. I see no valid reason why the defendant should not be permitted to examine her, as an adverse party, as to the matters stated in its notice, whether she acquired that information as an individual or as a representative of the estate.

The plaintiff further objects that as to practically all of the matters as to which her examination is sought her evidence would only be competent as part of the *res gestæ*, showing a motive for suicide, and that such evidence would not be permissible until the defendant, by direct evidence, had established the fact of suicide. This contention seems to me erroneous. It may well be that the defendant's proof will be largely circumstantial. While motive is never an essential element in cases of this character, nevertheless evidence of the existence of a motive is always admissible. The circumstances which may indicate a motive for committing an act embrace the whole range of human affairs. The law has never limited, and never can limit, them in number or kind. Since Mrs. Pardee is an adverse party, if, by her testimony, the defendant can establish that her husband's financial condition was of such a character as might lead to self-destruction, or his marital relations so unhappy as to incline him to that course, or that his mental or physical condition was such as might cause despondency, then this defendant is entitled to examine her in reference to these matters. All such facts would be competent upon the trial of the action for the purpose of establishing defendant's claim that Pardee committed suicide. (*Goldschmidt* v. *Mutual Life Ins. Co.*, 134 App. Div. 475.) However, the examination, as to these matters, should be limited to the time shortly prior to his death, and the financial condition of the estate to the time the executors took possession of the assets. I fail to see how the present condition of his estate, in view of existing conditions, can furnish probative evidence as to its condition at the time of his death, November 13, 1931, which, after all, is the material question.

I do not consider that it is any ground for vacating the notice as to the examination relating to the marital and domestic relations between Mrs. Pardee and her husband that section 349 of the Civil Practice Act forbids the disclosure of confidential communications made by one spouse to the other during marriage. Not all com-

munications between a husband and wife are confidential. For example, ordinary conversations are not regarded as privileged. (*Millspaugh* v. *Potter*, 62 App. Div. 521; *Norris* v. *Lee*, 136 id. 685; *Sheldon* v. *Sheldon*, 146 id. 430; *People* v. *Truck*, 170 N. Y. 203, 212.) It is only such as are of a strictly confidential nature or are induced by the marital relation. (*Parkhurst* v. *Berdell*, 110 N. Y. 386.) It may well be that the defendant may elicit, by this examination, as to this feature, evidence which is not prohibited by section 349 (*supra*). Moreover, the privilege is a personal one to the wife. She must claim it when the questions are asked. The fact that an examination may result in disclosing evidence which is incompetent under the Civil Practice Act is no ground for denying the right to examination. (*Heit & Weisenthal* v. *Licht*, 218 App. Div. 753.)

In so far as defendant seeks to examine the plaintiff as to the details of the finding of the body of her husband, and the events which transpired in his household before, at the time of, and after, his death, I see no objection to her examination as to the details of the finding of the body. The examination as to the events transpiring in the household should be limited to those in which Pardee participated and which occurred just before and at the time of his death.

An order may be prepared in accordance with this memorandum.