JOHN MISLAND et al., Respondents, *v.* EBEN M. BOYNTON, Appellant.

Where the deposition of a party, taken before trial, is read thereon without objection, he is not thereby precluded from being examined on trial.

Where evidence which is entirely collateral is drawn out on cross-examination, it cannot be contradicted.

The admissions of a witness out of court are not competent evidence to prove his interest in the litigation.

(Argued December 11, 1879; decided January 13, 1880.)

THIS action was brought to recover the value of a cornish pump and attachments, alleged to have been manufactured by plaintiffs, for and upon the order of defendant (Mem. of decision below, 14 Hun, 625).

Hall, one of the plaintiffs, was examined by defendant before trial. His deposition was read by plaintiffs on trial without objection. He was offered as a witness on behalf of plaintiffs, and was objected to on the ground that he had been so examined and his evidence read by plaintiffs. The objection was overruled. *Held,* no error.

Robertson, an important witness for plaintiffs, was asked on cross-examination, whether he had ever had any difficulty or misunderstanding with defendant, he answered that he never had had any misunderstanding, but that defendant had swindled him out of $210. The latter part of the answer was not objected to. When defendant was afterwards on the stand, as a witness, he was asked by his counsel, if it was a fact that he had swindled Robertson, he answered "no." He was then asked "what was the fact?" This was objected to and excluded. *Held,* no error, that it was entirely collateral, the only point being as to the existence of ill-feeling.

Robertson was asked on cross-examination whether he had ever said to defendant that he had an interest in the litigation, and was to get a commission, this was objected to and rejected. *Held,* no error, that while it was proper to show that the witness was interested, his admissions were not competent to prove that fact.

*N. C. Moak* for appellant.

*Joseph A. Welch* for respondents.

RAPALLO, J., reads for affirmance.
All concur.
Judgment affirmed.