Ura Schneider, Plaintiff, *v.* Jerry Hans, Defendant.

Supreme Court, Special Term, Queens County, October 22, 1953.

*Leo Edward Goodwin* and *Sidney N. Zipser* for plaintiff.

*Arthur Schoen* for defendant.

Stoddart, J. In this action the plaintiff prays for a judgment enjoining the maintenance, and directing the removal, of a chimney flue from a party wall insofar as it encroaches on the plaintiff's property.

The evidence shows that the parties own adjoining buildings which they purchased in February, 1953, from a common owner. Prior to the sale, both buildings and a third building retained by the seller were heated by one oil burner located on the defendant's premises. It was expressly provided in the contract of sale in which the parties herein were the purchasers that the defendant would (1) " keep and maintain the heating

plant and facilities '' (2) provide the plaintiff's premises with heat and (3) the expense of the fuel oil and repairs to the heating equipment would be shared. The agreement to provide heat was for three years with the option granted to the plaintiff purchaser to cancel the agreement at an earlier date. The plaintiff has exercised that option and this controversy arose when the plaintiff, in attempting to connect her newly installed oil burner to a flue in the party wall, discovered that there was only one flue in the wall — a large one to which the defendant's heating system is connected. Without the defendant's consent, the plaintiff has attached a connection to the flue and, as a result, a violation has been imposed on both properties by the fire department which, by its regulations, requires a separate flue for each heating system.

In the building plans which were filed prior to the construction of the buildings in 1926, two flues are shown in the party wall, with one half of each flue being on each side of the center line of the party wall. However, without filing any amended plans, the common owner installed one large flue which extended a few inches farther than either of the smaller flues would from the center line of the wall. A large flue was necessary for the larger oil burner which was required to heat the three buildings, but the presence of the large flue does not leave sufficient space for the installation of an additional flue.

It is the plaintiff's contention that as the defendant's flue encroaches on the plaintiff's side of the party wall, it should be removed so that two smaller flues can be installed — one for each building. The plaintiff does not agree to pay the expense of the change nor to pay for the purchase and installation on the defendant's premises of a new smaller oil burner — a smaller flue not permitting efficient operation of the defendant's present burner.

As the defendant is in no way responsible for the plaintiff's dilemma, it would be inequitable to burden him with an expense. If there were any deception practiced upon the plaintiff it was done by the seller who had installed the single large flue contrary to the filed plans. However, that question must be decided in another action as the seller is not a party to this action.

The subject of party walls and flues located therein has been discussed in many cases decided before the trend to single detached buildings developed in this area. In *De Baun* v. *Moore* (32 App. Div. 397, 398) it was written: '' The paramount object for which a party wall is constructed is the maintenance and support of the adjacent buildings. In this city it is also the

custom in constructing such walls between dwelling houses to place therein flues for use in the adjoining buildings." And on page 399: " the easement of a party wall extends to the maintenance of chimney flues therein. Even apart from custom, plaintiff's dwelling house having been constructed with its flues in the party wall, the right to maintain the flues would pass to him by implication."

*Batt* v. *Kelly* (75 App. Div. 321) held that a flue in a party wall could not be used by the owner of the building for which it was not intended, merely because part of the flue was on his side of the center line of the wall, if it were shown that such use would be detrimental to the owner of the other building. In a recent case it was written that where a party wall was in existence for more than twenty years it was an " ancient wall " and " The plaintiffs then had a right to it as an easement and the defendant could not withdraw the wall or change its condition to the injury of plaintiffs or plaintiffs' property without being liable in damages for any injury that might accrue to the plaintiffs thereby." (*Schneider* v. *44-84 Realty Corp.*, 169 Misc. 249, 252, affd. 257 App. Div. 932.)

Therefore, on the facts and the law, I do not believe the plaintiff herein is entitled to a removal of the flue or to connect her heating system to it — the connection having resulted in a violation being placed on the defendant's premises. If the plaintiff so desires she may extend the party wall, at her own expense, so that a flue for her premises may be accommodated.

Accordingly, judgment is granted, with costs in favor of the defendant (1) dismissing the complaint and (2) on the counterclaim, directing the plaintiff to remove the pipe connection with the defendant's flue.

Submit judgment on notice.