KARL J. PETTERSON, Appellant, v. ROBERT INNELLA, Respondent.— In an action commenced in the Supreme Court, Kings County, to recover damages for alleged wrongful cutting and removal of timber in Orange County and for breach of an alleged contract, plaintiff appeals from an order made at Special Term, Orange County, changing the venue of the action from Kings County to Orange County and extending defendant's time to answer the complaint or to move with respect thereto. Order affirmed, without costs. No opinion. Nolan, P. J., MacCrate, Schmidt, Beldock and Murphy, JJ., concur.

URA SCHNEIDER, Appellant, v. JERRY HANS, Respondent.— In this action for a mandatory injunction directing defendant to remove an alleged encroachment, a flue within a chimney located at the rear of two contiguous parcels of real property, respectively owned by the parties, defendant counterclaimed for a direction that plaintiff remove a certain pipe connection to the said flue. The appeal is by plaintiff from a judgment dismissing the complaint and granting the mandatory injunction sought in the counterclaim and from the decision. Judgment unanimously affirmed, with costs. No opinion. Appeal from decision dismissed, without costs. Present — Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ. [204 Misc. 1058.]

SUN CONSTRUCTION CORP., Respondent, v. DANIEL RESNICK et al., Appellants, et al., Defendants.— Defendants Resnick and Mandler appeal from an order granting plaintiff's motion to vacate an order which, among other things, precluded plaintiff from offering any evidence at the trial of this action concerning matters as to which appellants had demanded a bill of particulars. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The action is by a general contractor to foreclose a mechanic's lien on real property owned by appellants, for a claimed balance of $4,500 due upon a contract for construction of two dwelling houses at an alleged contract price of $41,000. The action was not commenced until about nine months after the service and filing of the notice of lien. It was not noticed for trial by plaintiff until about a year after the commencement of the action, and then only after appellants had moved to dismiss the complaint for lack of prosecution. The demand for a bill of particulars was made very shortly after the commencement of the action; the order of preclusion was made about one year and three months thereafter, and the motion to vacate said order was not made until almost a year after the order was made, although a previous motion was denied with leave to renew upon proper papers about five months earlier. Further burden has been visited upon appellants by reason of the fact that there were many adjournments of the trial, and the action was twice marked off the calendar and restored. Under the circumstances, plaintiff's failure to comply with the provision of the preclusion order which permitted it to serve a bill of particulars within twenty days after service of the order should not have been deemed excusable. Nolan, P. J., Adel, Wenzel, MacCrate and Murphy, JJ., concur.