Michael Catalano, J.
The first five actions were consolidated by court order granted October 20, 1958; the seven actions were ordered to be tried jointly by order granted on May 19, 1958.
Before opening to the jury, counsel made certain statements and motions in open court outside the presence of the jury, at which time the following facts were presented to the court.
These actions arose out of an automobile accident that occurred on March 21, 1958 on Hamburg Turnpike, City of Lackawanna, Erie County, New York, between two automobiles.
In the first five actions, by notice of motion dated November 11, 1958, the defendant Flowers moved to preclude all plaintiffs from giving any evidence upon the trial as to the alleged matters set forth in the complaints as to which the plaintiffs failed to give particulars required by the demand served on the plaintiffs’ attorneys on October 9, 1958. On November 17, 1958, Mr. Justice George H. Rowe, in Special Term of this court, granted a 20-day preclusion order including these words:
“ Ordered, that the motion of the defendant to preclude the plaintiff from giving any evidence on the trial with respect to the allegations or matters in the said defendant’s demand for a bill of particulars is granted, unless the plaintiff within twenty (20) days after service upon the plaintiff’s attorney of a copy of this order, with notice of entry thereof, has served a proper bill of particulars in compliance with the demand for said bill of particulars; and it is
“ Ordered, that filing the original of this order be and the same hereby is dispensed with.”
In the first five actions, by notice of motion dated December 18, 1958, the defendant Flowers again moved to preclude all plaintiffs based upon apparently the same demand served on October 9, 1958. The moving affidavit made by an attorney for defendant Flowers states, in part: 6 ‘ That no previous application has been made for the relief herein asked for.” On December 30,1958, Mr. Justice Alfred M. Kramer, in Special Term of this court, granted a second 20-day preclusion order, worded exactly like the order of November 17, 1958, by Judge Rowe, except for this interlineation: “in actions of Roy J. Hill, Herman E. Martin and Cameron Styres ”.
*36 In actions numbered 3 (Hill), 5 (Styres) and 6 (Martin), by notice of motion dated January 6, 1959, all the plaintiffs moved for an order amending or vacating the order of November 17, 1958, returnable in Special Term on January 16, 1959. In answer thereto an affidavit of an attorney for defendant Flowers, sworn to on January 12, 1959, states, in part: “ The action is one for personal injuries in which issue was joined October 9, 1958, at which time a bill of particulars was demanded. By notice of motion, dated November 7,1958, and returnable November 17, 1958, on November 17, 1958 an order of preclusion was granted against plaintiff unless plaintiff serve his bill within twenty days after service. The order was served on November 20, 1958. On December 18, 1958, a letter was sent to plaintiff’s attorney advising him of his default. By notice of motion dated December 12, 1958, returnable December 29, 1958, a second order of preclusion herein was granted on December 29, 1958, providing that plaintiff be precluded unless he serve his bill of particulars again within twenty days. This latter order was served December 30,1958 and on January 5, 1959, a second letter of notice was sent to plaintiff’s attorney advising him of our firm position to stand on both of these orders and letters relative thereto. Despite the above, service of a bill of particulars was attempted on January 8, 1959, and this service was refused.” (Emphasis supplied.) This motion to vacate was abandoned by these plaintiffs.
The plaintiffs, Hill, Styres and Martin (actions Nos. 3, 5 and 6) take the position that the preclusion order of December 30, 1958 was complied with by personal service of the bill of particulars on January 8, 1959, upon the attorneys for defendant Flowers. In open court, a defense attorney for Flowers said: “He [said plaintiffs’ attorney] has complied with the preclusion order of Judge Alfred Kramer [granted December 30, 1958]. He has not, however, complied with the preclusion order of Judge Q-eorge H. Rowe of November 17, 1958.”
No original or copy of the answer or the demand for a bill of particulars has been filed in the County Clerk’s office in actions numbered 3, 5 and 6. Defense counsel in these three actions moved that filing of the answers and demands be dispensed with or allowed at this time, nunc pro tunc.
Attorney for plaintiffs in actions 3, 5 and 6 moved to vacate the preclusion order of Judge Rowe granted November 17, 1958. He also moved to read into the record at the trial before the jury the deposition taken of the plaintiff Styres taken by defendant Maracle in action numbered 5, because Mr. Styres is missing at this time.
*37 Attorney for plaintiff, Jesse B. Flowers, moved to have his name correctly stated in all of the pleadings and papers in these seven actions to read “Jesse B. Flowers.” There being no objection, the court granted the motion.
Rule 115 of the Rules of Civil Practice entitled, “Bill of particulars in any case,” provides, in part:
‘ ‘ (c) In the event that a party fails to furnish a bill of particulars * * * pursuant to the demand * * * the court or a judge authorized to make an order in the action, upon notice to said party, may preclude him from giving evidence at the trial of the items * * * of which particulars have not been delivered.”
“ (e) A preclusion order may provide that the same be effective unless a proper bill is served within a specified time thereafter.”
Orders of preclusion for failure to serve bills of particulars in negligence actions may not be disregarded with impunity (Gonsa v. Licitra, 6 A D 2d 755 [4th Dept.]) and the practice of waiting until a motion to preclude is made before serving the bill is emphatically condemned. (Becker v. Paragon Supply Co., 285 App. Div. 991 [3d Dept.].)
A motion to vacate a preclusion order must be timely; it is too long to wait one year or more. (See Sun Constr. Corp. v. Resnick, 283 App. Div. 797 [2d Dept.]; Schulz v. Sun Oil Co., 4 A D 2d 44, 45 [4th Dept.]; Schmitt v. Muller, 285 App. Div. 1058, 1059 [2d Dept.] ; Goldstein v. Wickett, 3 A D 2d 135, 136 [4th Dept.]; Nappi v. Bush Term. Bldg. Co., 2 A D 2d 861 [2d Dept.]; Walker v. Ferri, 5 A D 2d 24, 25 [4th Dept.] follows 3d Dept.) Such delay results in waiver. (Matter of Nat. Sur. Co., 252 App. Div. 670.)
The court has discretion to grant a motion to set aside an order improperly granted, or to leave the movant to set up the invalidity of the order whenever an attempt should be made to enforce it against him. (People ex rel. Brush v. Brown, 103 N. Y. 684, 685.) The court also may vacate an order founded upon a fraudulent paper. (Matter of Holden, 243 App. Div. 543, revd. since no fraud shown 271 N. Y. 212; Matter of Waters, 183 App. Div. 840, 854.) Where, however, one order is in effect a duplication of a previous order, the former is a nullity. (Feiber Realty Corp. v. Abel, 243 App. Div. 547, same case 265 N. Y. 94.)
Rule 71 of the Rules of Civil Practice entitled, “ Filing papers on entry of order,” provides, in part: “When any order is entered, all the papers, used or read on the motion on either side, shall be filed with the clerk, unless already on file or filing be *38 dispensed with by order of the court; otherwise the order may be set aside as irregular, with costs.”
Bule 14, entitled, “ Lost or withheld papers,” provides: “ If an original pleading or paper be lost, or withheld by any person, the court may authorize a copy to be filed and used instead of the original.”
Where an important paper is used upon a motion and inadvertently not filed, it may be ordered filed. (Thousand Is. Park Assn. v. Gridley, 25 App. Div. 499, 501.)
Here, the first preclusion order of Judge Bo we granted November 17,1958 was based upon the demand for a bill of particulars which was important and not filed. The second preclusion order of Judge Kbameb, granted December 30, 1958 was based upon an affidavit stating no previous application had been made for the same relief. The title of the Kbameb order was corrected, and the body of this order limited its application to three of the five actions mentioned in the title. The defense attorney who obtained both orders stands upon both orders, although, except as above noted, these orders are the same. The plaintiffs admittedly complied with the Kbameb order. Since there is no claim of fraud or duplication, the Kbameb order is deemed to correct the Bowe order. The original demands for bills of particulars in actions 3, 5 and 6 may be filed to complete the record.
Section 303 of the Civil Practice Act entitled, ‘ ‘ When testimony by deposition to be read in evidence,” provides, in part: “ A deposition may be read in evidence by either party, in the action in or for which it is taken, at the trial thereof * * * Testimony by deposition may be read in evidence, however, only against a party who or whose predecessor in interest was duly served with notice of the taking of the testimony or a copy of an order therefor, or notice of entry of the order, if granted by the court, or who consented by stipulation to the taking of the testimony by deposition, or against the party who or whose predecessor in interest caused the testimony to be taken, or against a party who has not appeared or answered.”
A party whose deposition has been taken before trial by an adverse party has the right to read it in evidence on the trial in his own behalf (Berdell v. Berdell, 86 N. Y. 519, 521—522; Wank v. Herman, 2 A D 2d 867; Misland v. Boynton, 79 N. Y. 630) whether deponent be present or absent (National Fire Ins. Co. v. Shearman, 223 App. Div. 127, 128; Masciarelli v. Delaware & Hudson R. R. Co., 178 Misc. 458, 461-462) and whether the adverse party read part of it or not.
*39 Here, the deposition in question may be read by the deponent whether he be present or absent and whether the adverse party who took it reads part of it in evidence or not, but only against such party or parties not excepted by law.
Therefore, the preclusion order granted by Judge Bows on November 17, 1958 shall be deemed amended and superseded by the preclusion order granted by Judge Kramer on December 30,1958; the plaintiffs in actions numbered 3, 5 and 6 are deemed to have complied with the latter order by having served their bills of particulars on January 8, 1959; the defendant Flowers may file the original answers and demands for bills of particulars in actions numbered 3, 5 and 6; the deposition of any party taken by an adverse party may be read into evidence by the deponent at the trial against any proper party whether the deponent be present or absent, or whether an adverse party read part of the deposition or not; all the pleadings and papers in the seven above-mentioned actions shall be deemed amended to show the correct name of the party named “ Jesse B. Flowers,” instead of James Flowers or Jesse Flowers; otherwise, the motions, not herein expressly granted, are denied; all without costs.