■ SIDNEY SCHWARTZ, Doing Business under the Name of GLAD RECORD COMPANY, Appellant, v. LIONEL HAMPTON et al., Individually and as Copartners, Respondents.— Judgment affirmed, with costs to respondents. Concur — Breitel, J. P., Valente and Stevens, JJ.; Rabin and McNally, JJ., dissent in part in the following memorandum by Rabin, J.: I dissent and vote to reverse the judgment dismissing the complaint and would grant judgment to the plaintiff enjoining the defendant, Gladys Hampton with respect to the infringement of plaintiff's trade-mark. The word "glad" as used in connection with a phonograph record is not descriptive of such article nor does it indicate its ingredients, mode of composition, characteristic qualities, properties or nature. Accordingly, the word may be exclusively appropriated, and, in a proper situation protected (*Fischer* v. *Blank,* 138 N. Y. 244, 249). For the plaintiff to have acquired a right to the use of such word as a trade-mark there must be demonstrated an affixiation and user. The proof is clear that the word "glad" was affixed to the phonograph records of the plaintiff and his predecessors. Similarly, it was established that such records were sold and distributed. While the user proven was not great it was sufficient, in company with the intent to continue such use, to establish plaintiff's right to the mark (*Ritz Cycle Car Co.* v. *Driggs-Seabury Ordnance Corp.,* 237 F. 125; *Richter* v. *Reynolds,* 59 F. 577; see Hopkins, Trademarks [4th ed.], p. 64). The fact that the mark may not as yet have attained a widespread market reputation is of no consequence (Restatement, Torts, § 716, *Comment* [a]). The use of the word "glad" by the defendant in connection with the sale of the identical commodity — phonograph records — and commencing in point of time subsequent to plaintiff's appropriation thereof constitutes an infringement justifying the granting of equitable relief by way of injunction (see General Business Law, § 368-d; *Menendez* v. *Holt,* 128 U. S. 514). The fact that defendant persisted in her infringing use despite plaintiff's request that she desist — made at the very early stages of defendants' business operation — reinforces my conclusion that the plaintiff is entitled to relief.

■ ANGELO D. D'AMBROSIO, Appellant, et al., Plaintiff, v. CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK, Plaintiff, v. BROADWAY MAINTE-NANCE CORPORATION, Defendant.— Judgment insofar as appealed from unanimously reversed on the law and a new trial granted with respect to plaintiff-appellant's claims against both defendants-respondents, with costs to plaintiff-appellant. In this personal injury negligence action, appellant's complaint was dismissed at the close of his case on the ground that he was contributorily negligent as a matter of law. For this there is no support, for appellant established prima facie that the street conditions and limited visibility made it difficult to see the sewerhead protruding above the unpaved surface. Whether the undiscoverable protrusion affected plaintiff's operation of the taxi, and thus was the proximate cause of the accident was a question of fact. The jury might properly have found that a failure to erect and maintain warning devices, under the circumstances, constituted negligence. Proof of the respondent paving contractor's responsibility for the street condition was sufficient, but, in any event, the trial court improperly precluded appellant from adducing further evidence on this issue. Concur — Botein, P. J., Breitel, Valente, Steuer and Bergan, JJ.