Lawrence H. Cooke, J.
In this action plaintiff insurance company seeks a declaratory judgment determining whether or not it is obligated to defend Passaretti, the defendant physician, in a malpractice action instituted against him by defendants *27 O’Hara. Passaretti served upon, plaintiff’s attorneys a notice to take the deposition of plaintiff upon oral examination, and plaintiff now moves “ for a protective order limiting the taking of the deposition upon oral questions of the plaintiff, as an adverse party, by striking from the notice to take the deposition upon oral questions of the plaintiff the direction to produce Items ‘ 2 ’ and ‘3 ’, upon the ground that the said items are not material and necessary for the defense of this action, that the items in ‘ 3 ’ involve an attorney’s work product and are not definitely specified, that the items in ‘ 2 ’ are not in the possession, custody or control of the plaintiff, are not specifically designated and are in the nature of a fishing expedition, and for such other and further relief as to the Court may seem just and proper.” It is undisputed that said notice was not served upon defendants O’Hara, nor was notice of the instant motion given to them.
CPLR 3107 provides that a party desiring to take the deposition of any person upon an oral examination shall give to each party 10 days’ notice, unless the court orders otherwise. This means that every notice of examination must be served upon the attorneys for all parties to the action, except a party who is in default for failure to appear (CPLR 2103, subd. [e]; 3105; Wachtell, New York Practice Under the CPLR, p. 239; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3107.01; 7 Carmody-Wait 2d, New York Civil Practice, Disclosure, § 42.92; McKinney’s Cons. Laws of N. Y., Book 7B, CPLR, Practice Commentary, following CPLR 3107).
The court would prefer a determination on the merits but this would not be the correct or a wise course at this point (see CPLR 3117, subd. [a], par. 3; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3105.01, 3117.06; Musellam v. Flowers, 30 Misc 2d 34, 38-39).
Notice vacated, without prejudice to disclosure procedures by defendant Passaretti upon sufficient notice.