■  MARY L. RODFORD, an Infant, by MARILYN BERRY, Her Guardian and Next Friend, Appellant, v. JAMES SAMPLE et al., Respondents.— AULISI, J. Appeal from orders of the Supreme Court at a Trial Term entered May 8, 1967 and May 10, 1967 in Rensselaer County, which dismissed the complaint at the close of plaintiff's case.  The infant plaintiff was 12 years of age on June 23, 1964 and was visiting her grandmother in Rensselaer, New York.  She and a playmate heard the defendant Schumacher's ice cream vending truck at about 10:30 P.M. and decided to go for ice cream.  The truck was well lighted and parked at an angle away from the curb on the east side of Broadway. When the girls arrived at the west side of Broadway, they crossed the street to where defendant Schumacher was selling his wares from the right side of his truck.  Deciding that she wanted to buy a sundae, the plaintiff found it necessary to go back to her grandmother's house for more money. She walked behind the truck and looked south where there were no cars coming. She looked to the north but "couldn't see  *  *  *  very far from behind the truck."  As the plaintiff headed back to the west side of Broadway, she continued to look north and when she stepped out to see, she was struck by the side view mirror of the defendant Sample's car.  Plaintiff was knocked to the pavement and her right ankle was fractured.  Defendant Sample was called as a witness by the plaintiff and testified that he had just turned into Broadway heading south at about five miles per hour.  He saw the ice cream truck with people around it and its backend "jutting out into the street." He increased his speed as he approached the truck and did not blow his horn. His car lights were on and he did not see the plaintiff until she struck or was struck by the mirror on the side of his car which was ripped off.  Sample was of the opinion that the driver's side of the truck was five feet from the side of his car as he passed.  The trial court at the end of plaintiff's case granted defendants' motions to dismiss the complaint.  The court found that as to defendant Sample there was no showing of negligence on his part and that plaintiff failed to establish freedom from contributory negligence on her part.  The trial court also granted defendant Schumacher's motion on the ground that as a matter of law the plaintiff was contributorily negligent. Upon the record before us, we believe that it was error to say that the plaintiff was contributorily negligent as a matter of law.  A child, such as the plaintiff, is judged on what can be expected of a child of that age, natural capacity, intelligence, physical condition, training, experience, habits of life, and surroundings (41 N. Y. Jur., Negligence, § 66 and cases cited).  It was also error for the trial court to refuse to allow plaintiff to read from defendant Sample's examination before trial.  The CPLR specifically allows the use of a party's deposition against deponent or proof of a prior inconsistent statement made by any witness under oath (CPLR 3117, 4514).  We find no merit to appellant's contention that she should have been permitted to amend her complaint to increase the ·demand for damages.  This is discretionary with the trial court (CPLR 3017, subd. [a]) and we perceive no reason on this record to disturb this determination when the motion was not made until the trial, although the litigation had been pending nearly three years. Orders reversed, on the law and the facts and in the interests of justice, and a new trial granted, with costs to appellant to abide the event.  Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.