Leonard J. Supple, J.
The four defendants who have been served with process and who have appeared herein move for a protective order deferring and adjourning the pretrial examinations demanded pursuant to a notice therefor duly served upon their attorneys.
The motion is based in part upon the fact that no process has been served on any of the parties defendant named as such in the summons except the four defendants who have brought on the instant motion, and that the failure to give notice to said other defendants of the scheduled pretrial examination dictates that the notices of such examinations be vacated.
*312 CPLR 2103 (subd. [e]) says each paper served on any party shall be served on every other party, except that no service need be made upon a party who is in default for failure to appear, and except as otherwise may be provided by court order in class actions or as provided in CPLR 3215 (subd. [f]), which latter statute deals with the entry of judgment by default. Since the remaining defendants have not been served with process, they cannot be in default. It is also perfectly clear that none of the other exceptions specified in CPLR 2103 (subd. [e]) are here applicable and, therefore, there has been no compliance with the cited rule.
Furthermore, CPLR 3107 specifically states that * ‘ A party desiring to take the deposition of any person upon oral examination shall give to each party ten days ’ notice, unless the court orders otherwise.” Here, the court has not ordered otherwise. The plain command of the last-cited rule has also been disregarded.
The reason why notice of pretrial examinations must be given to all parties, except those in default, is that no deposition may be used against a party unless he received notice thereof in compliance with the rules. (CPLR 3117, subd. [a], par. 3.) Permitting the examination to proceed in the absence of such notice would be an6 ‘ idle ceremony. ’ ’ (Syracuse Mtge. Corp. v. Kepler, 122 Misc. 95, 98.) Pretrial examinations should not proceed in the absence of notice to all parties to the action who are not in default. (Michigan Mut. Liab. Co. v. Passaretti, 55 Misc 2d 26.)
The motion will be granted so as to vacate the notices of the pretrial examinations of the moving defendants without prejudice to further disclosure proceedings upon sufficient notice.