Wachtler, J.
On August 8, 1969, the plaintiff, an 18-year-old high school student was riding his bicycle on Flatbush Avenue in the vicinity of Erasmus High School in Brooklyn. As he passed the school, a truck driven by the defendant Harold Stark and owned by the defendant A. B. O. Consolidated Corp., approached from behind, struck him and ran over his legs. At the trial the plaintiff read the driver’s deposition in evidence and later called him to the stand. This evidence tended to establish the plaintiff’s theory that the accident was caused by the driver’s inattention. But it also supported the defendants’ position that the boy had suddenly come into the path of the truck causing, or at least contributing to, the accident.
From this and the other trial proof the jury was presented with a close question as to the exact cause of the accident. In marshaling the evidence the court noted the conflicting versions and also drew attention to the fact that the plaintiff had ‘ ‘ read in evidence the complete examination before trial of Harold J. Stark ”. The court then charged the jury as follows: “ Now, he is an adverse party to the plaintiff in this case obviously because he is one of the two defendants being sued. However, by having chosen to read into evidence his deposition, the plaintiff did so in order to introduce the defendant’s version of the occurrence as part of the plaintiff’s case thereby making him the plaintiff’s own witness. * # * By taking the deposition itself, the examining party does not make his adversary his witness. The attorney for the plaintiff has the right to use *286 only such portions of that examination before trial as he deems will favor his own client. However, in this case Mr. Kalmanson [plaintiffs’ counsel] made the defendant’s version of the happening of the accident part of his case in order to prove his case and part of his evidence in chief as to the manner of the occurrence. In so doing, the plaintiff introduced Stark’s evidence on his own behalf, that the truck was a 1969 panel truck.” At this point the court itemized the facts contained in the driver’s deposition. The plaintiff’s objection to this portion of the charge was overruled and the jury returned a verdict for the defendants.
On appeal the plaintiff claimed that the court upset the delicate balance of the proof by erroneously charging the jury that the plaintiff had adopted, in its entirety, the driver’s version of the accident because he chose to read the deposition in evidence. The Appellate Division affirmed without opinion, although two Justices (Hopkins, J. joined by Mahtuscello, J.) dissented.
The charge in fact was erroneous in two respects (1) in holding that the plaintiff had made the witness his own by reading the deposition and (2) in stating, in effect, that the consequence of this was to bind the plaintiff to the witness’s version of the facts.
Although CPLR 3117 recognizes that a party may under certain circumstances “ make a person his own witness ” by using the witness’s pretrial deposition, the circumstances are few and narrowly defined (CPLR 3117, subd. [d]). He does not, of course, do so by merely taking a deposition, or even by using the deposition at trial for impeachment purposes alone. He only runs the risk of adopting the witness when he uses the deposition as evidence in chief, or, to use the words of the statute, “ for any purpose other than that of contradicting or impeaching the deponent” (CPLR 3117, subd. [d]). However, and here the statute is quite explicit, “ this shall not apply to the use of a deposition as described in paragraph two of subdivision (a) ” which includes “ the deposition of a party or any one who at the time of taking the deposition was an officer, director, member, or managing or authorized agent of a party, or the deposition of an employee of a party produced by that party ” (CPLR 3117, subd. [a], par. 2). Since Stark was a *287 party to the action, the plaintiff was entitled to use his deposition as evidence in chief (CPLit 3117, snhd. [a], par. 2) and the court erred in holding that by doing so he made the witness his own (CPLE 3117, subd. [d]).
It appears that the Appellate Division majority acknowledged this error but found that it ‘ ‘ was dispelled when plaintiff called that defendant to the stand and questioned him ” (Spampinato v. A. B. C. Cons. Corp., 43 A D 2d 566, Hopkihs, J., dissenting). On this point we would briefly note that while it is true that by calling the driver to testify the plaintiff made him his own witness, it does not follow from this — as the court in effect charged here — that the plaintiff adopted, or became bound by, the witness’s version of the facts. No party is ever limited by the witnesses he produces, or examines, from establishing the facts in issue. A party may not generally impeach, that is, attack the general or specific credibility of his own witness, but impeachment is not to be confused with “ binding ” testimony (Becker v. Koch, 104 N. Y. 394; see, generally, Richardson, Evidence [10th ed.], § 508).
The order of the Appellate Division should be reversed and a new trial ordered.