■ MELBA PERKINS et al., Appellants, v NEW YORK RACING ASSOCIATION, INC., et al., Respondents. (And Two Third-Party Titles.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County, entered November 25, 1974, after a jury trial limited to the

issue of liability only, as is in favor of (1) defendants Pinkerton's, Inc., and Louis Freburg upon the trial court's dismissal of the complaint as against them at the close of the plaintiffs' case and (2) the remaining defendants, upon a jury verdict. Judgment reversed insofar as appealed from, on the law and in the interests of justice, and new trial granted, with costs to abide the event. No fact issues were presented on this appeal. In our opinion, plaintiffs were precluded from obtaining a fair trial in this negligence action by virtue of the cumulative effect of the improper conduct of the trial court, both during cross-examination and in its charge to the jury. As a result of such conduct, the jury could not have considered the issues at trial in a fair, calm and unprejudiced manner (see *Gionta v Whyzmuzis,* 44 AD2d 850; *Bishin v New York Cent. R.R. Co.,* 20 AD2d 921; *Livant v Adams,* 17 AD2d 784). In addition, the trial court committed further error in excluding the testimony of one of the codefendants during plaintiffs' direct case on the ground that they had already read his deposition into evidence. This ruling was clearly erroneous, as plaintiffs had not thereby made that defendant their witness; nor had they adopted his testimony. They were, therefore, free to rebut it (see CPLR 3117; *Spampinato v A.B.C. Cons. Corp.,* 35 NY2d 283). Exclusion of this testimony was prejudicial to the plaintiffs' case, as the deposition was inadmissible against two defendants (Pinkerton's, Inc., and Louis Freburg) who were not parties to the action at the time the deposition was taken (see *Morello v Brookfield Constr. Co.,* 4 NY2d 83, 88–89; *Cantwell v Russell,* 30 AD2d 767; *D'Ambrosio v City of New York,* 16 AD2d 915; Siegel, Practice Commentaries, McKinney's Cons. Laws of N.Y., Book 7B, CPLR C3117:3, pp 491–493; cf. *Lake Minnewaska Mountain Houses v Smiley,* 62 Misc 2d 311). For the foregoing reasons, a new trial is warranted in the interests of justice. No appeal has been taken from the dismissal of the third-party complaints by Trial Term. We note that the issues raised by those complaints may be fully litigated in the main action *(Dole v Dow Chem. Co.,* 30 NY2d 143). Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.