█ LILIANE FELDSBERG et al., as Administrators of the Estate of ERIC M. FELDSBERG, Deceased, et al., Appellants, v JAMES P. NITSCHKE, Respondent.—Judgment, Supreme Court, New York County, entered March 17, 1977, denying plaintiff damages for wrongful death and conscious pain and suffering is affirmed, without costs and without disbursements. During the course of this proceeding in trial court, plaintiff called the defendant as his witness and examined him exhaustively, in the process utilizing defendant's pretrial deposition. Plaintiff completed his examination and the witness was excused. Later, plaintiff recalled the witness for the purpose of placing identifying marks on some photographs; then stated his intention to read portions of the defendant's deposition. The trial court ruled that inasmuch as plaintiff had examined the witness at length on his deposition he could not now again continue the examination. What is at issue here is the question of the discretionary right of the Trial Judge to limit examination, and the trial court is vested with a wide discretion to regulate the order, manner and scope of examination. At the time, the Trial Judge pointed out his reasons for not permitting this type of examination as being violative of the fundamental rule of fairness with regard to the procedure for examining witnesses. In speaking of this discretion, the court in *People v Sorge* (301 NY 198, 202) said "the wide latitude and the broad discretion that must be

---

* We were informed at the oral argument that the son is presently attending college.

vouchsafed to the trial judge, if he is to administer a trial effectively, precludes this court, in the absence of 'plain abuse and injustice' *(La Beau v. People, supra,* 34 N. Y. 223 230), from substituting its judgment for his and from making that difference of opinion, in the difficult and ineffable realm of discretion, a basis for reversal." Accordingly, the judgment of the trial court should be affirmed. Concur—Kupferman, J. P., Evans and Markewich, JJ.; Sandler, J., concurs in the result only.

Lynch, J., dissents in the following memorandum: I dissent and would reverse and remand for a new trial on the ground that it was prejudicial error for the trial court to have denied plaintiffs' counsel the right to read portions of defendant's pretrial deposition to the jury. Plaintiffs' decedent was a pedestrian on or near an exit ramp on the Connecticut Turnpike when he was struck by a vehicle driven by defendant. The jury resolved this action for wrongful death and conscious pain and suffering in defendant's favor. On the trial defendant was called as plaintiffs' first witness and during his direct and redirect examination plaintiffs' counsel used some questions and answers from his pretrial deposition. At the conclusion of defendant's testimony plaintiffs' counsel stated that he wished to recall defendant later for the limited purpose of putting his markings on photographs yet to be put in evidence. The trial court consented but cautioned that he would not permit "a line of questioning that repeats what has already been done". When recalled, defendant marked the photographs. This testimony completed, plaintiffs' counsel stated his intention to read to the jury portions of defendant's deposition other than those which the jury had heard. The court refused to allow this, holding: "To permit a plaintiff who has elected to call a defendant to the stand and examine him exhaustively and also utilizing the examination before trial in the course of that examination, as aspects of purported contradictions, to thereafter excuse the witness and state his examination is concluded, and then put back or seek to offer into evidence all or other parts of the deposition to which reference was not made in the course of his examination of the adverse party, it seems to me to violate the fundamental rule of fairness with regard to the procedure for examining witnesses". Any deposition of a party "may be used for any purpose by any adversely interested party" (CPLR 3117, subd [a], par 2) and this right is not impaired by plaintiffs having called defendant to the stand and questioned him *(Spampinato v A. B. C. Cons. Corp.,* 35 NY2d 283; *Rodford v Sample,* 30 AD2d 588). Neither the statute nor case law imposes the limitation on the use of a deposition suggested by defendant— that, where he was called to the stand and examined and it was stated that he was to be recalled for a limited purpose, his deposition could then be read only if plaintiffs expressly reserved that right (see, also, CPLR 4514). While the court is empowered to prohibit repetition of evidence from a witness, here counsel was erroneously prevented from reading sworn testimony from defendant that the jury had not heard. The error was prejudicial. The jury may well have concluded that decedent was negligent or defendant was free of negligence from defendant's testimony. It should therefore have been given an opportunity to assess that testimony in the light of a showing that he had testified differently at the pretrial deposition.